JOSEPH S. RAWSON *vs.* OLIVER DOFNER & trustee.

Worcester.    Oct. 7. — Nov. 24, 1886.    DEVENS & W. ALLEN, JJ., absent.

The record of a district court, in which an action was tried, recited that the party against whom judgment was rendered appealed to the Superior Court, and filed a bond with sufficient sureties to prosecute his appeal, "not approved or disapproved by said court, as no motion was made by either party requesting approval or disapproval." *Held,* that there was a sufficient compliance with the requirements of the Pub. Sts. *c.* 154, § 52, and the St. of 1882, *c.* 95, to give jurisdiction to the Superior Court.

TRUSTEE PROCESS.    The H. N. Slater Manufacturing Company, summoned as trustee of the principal defendant, answered that, at the time of the service of the writ upon it, it had not in its hands or possession any goods, chattels, or moneys of the defendant; and also answered certain interrogatories filed by the plaintiff.    The record of the district court in which the action was tried stated that the trustee was charged, and appealed from that judgment to the Superior Court, and "filed a bond not approved by said court, with sufficient sureties," to prosecute the appeal, and pay all such costs as might arise after the appeal within thirty days after judgment.    In the Superior Court, the plaintiff filed a motion to dismiss the appeal, because the "trustee did not file a bond, with sufficient sureties approved either by the court or plaintiff, according to statute in such cases made and provided."    The justice of said district court thereupon asked leave to amend his record in the case, so that, in place of the words "filed a bond not approved by said court," it should read, "filed a bond not approved or disapproved by said court, as no motion was made by either party requesting approval or disapproval;" and this amendment was allowed.    The trustee filed, in the Superior Court, an answer similar to that first filed; and also answered further interrogatories.

The Superior Court ordered judgment for the plaintiff against the defendant, and discharged the trustee; and the plaintiff appealed to this court.

*C. I. Rawson,* for the plaintiff, submitted the case on a brief.

*W. S. B. Hopkins,* for the trustee.

C. ALLEN, J.    The true construction of the record, as amended, of the district court is, that the sureties were sufficient, but that the bond was not approved or disapproved by said court, as no motion was made by either party requesting approval or disapproval.    This must mean that there was no formal action by the judge, but that the sureties were deemed by him to be sufficient.    Construed thus, there was a sufficient compliance with the requirements of the statutes to give jurisdiction to the Superior Court.    Pub. Sts. *c.* 155, § 29; *c.* 154, §§ 39, 52; St. 1882, *c.* 95.

No other question being presented in the plaintiff's brief, the entry must be,                                        *Judgment affirmed.*