CLEARWATER LAUNDRY COMPANY, INC. *vs.* THEODORE WILEY.

Suffolk.   October 28, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Supplementary Process.* ˙ *Bond,* Appeal recognizance, In supplementary process. *Practice, Civil,* Appeal from District Court to Superior Court. *Superior Court,* Jurisdiction.

The Superior Court had no jurisdiction of an appeal from a sentence of a District Court imposed under § 19 of G. L. (Ter. Ed.) c. 224 where the appellant recognized, but without sureties.

SUPPLEMENTARY PROCESS, entered in the Municipal Court of the West Roxbury District of the City of Boston on December 26, 1940.

A motion to dismiss a purported appeal to the Superior Court was allowed by *Hurley, J.*

*M. M. Klinor,* for the debtor, submitted a brief.

No argument nor brief for the creditor.

FIELD, C.J.   The defendant, against whom a judgment was rendered in the Superior Court, was found guilty, in a

proceeding on supplementary process in the Municipal Court of the West Roxbury District of Boston, of the plaintiff's charge of fraud and was sentenced to imprisonment. He appealed to the Superior Court. G. L. (Ter. Ed.) c. 224, § 19. He was ordered by the Municipal Court "to recognize in the sum of two hundred dollars to enter and prosecute his appeal with effect" and to perform other conditions prescribed by the statute. He recognized without sureties. Upon motion of the plaintiff in the Superior Court the appeal was dismissed "for the reason that it appears the defendant failed to recognize with surety as required by Chapter 224, Section 19," and the case was remanded to the Municipal Court. The defendant excepted. See *Morse* v. *O'Hara*, 247 Mass. 183, 185. The appeal was dismissed rightly. The governing statute requires that the defendant recognize with sufficient sureties. Compliance with this requirement was essential to the jurisdiction of the Superior Court. A recognizance without sureties was not such compliance. Principles applicable to waiver of defects of form do not apply to absence of sureties. See *Henderson* v. *Benson*, 141 Mass. 218, 219. But even if such principles were applicable, the record shows no waiver of sureties. The motion to dismiss was made seasonably. See *Putnam* v. *Boyer*, 140 Mass. 235, 237. In these respects there is no difference between a bond as in the cases cited and a recognizance as in this case. See *National Surety Co.* v. *Nazzaro*, 233 Mass. 74, 76–77.

*Exceptions overruled.*