JAMES D. SHEA & another[1] vs. NEPONSET RIVER MARINE & SPORTFISHING, INC.

Suffolk. March 16, 1982. — July 13, 1982.

Present: HALE, C.J., GREANEY, & SMITH, JJ.

*Summary Process*, Appeal. *Practice, Civil*, Summary process. *Jurisdiction*, Summary process.

Plaintiffs who chose to bring a summary process action under G. L. c. 239, § 2, in a District Court, seeking both possession and rent in excess of $7,500, were precluded by G. L. c. 231, §§ 97, 103, and 104, from appealing an adverse decision to the Superior Court and relitigating in a jury trial the issues decided by the District Court. [122-129]

CIVIL ACTION commenced in the Dorchester Division of the District Court Department on October 7, 1980.

On appeal to the Superior Court Department the case was heard by *Garrity*, J.

*James F. Ryan (Robert M. Murphy* with him) for the defendant.

*James G. Walsh, Jr. (James F. Sullivan* with him) for the plaintiffs.

HALE, C.J. The single issue on this appeal is whether a plaintiff who chooses to bring a summary process action in a District Court, seeking both possession and rent in excess of $7,500, can appeal an adverse decision to the Superior Court and relitigate in a jury trial the issues decided by the District Court. The action before us was initiated when the plaintiffs-landlords (Sheas) filed a summary process action against the defendant-tenant (Neponset)[2] in the Dorchester Divi-

---

[1] Mary M. Shea.

[2] The action was originally filed against Francis D. Powers, as president of Neponset, but by joint motion to this court all documents have been

sion of the District Court Department. The complaint alleged that Neponset was occupying certain property consisting of vacant land and docks owned by the Sheas; that under the terms of a written lease Neponset was to pay $1,000 per month after the premises were cleared by the Sheas; that the Sheas fulfilled the condition of clearing the premises on August 1, 1979; that Neponset failed to pay rent under the lease and owed $12,000 for the period of September 1, 1979, through August 31, 1980; and consequently that the Sheas were entitled to possession of the property. Neponset filed a counterclaim alleging that the Sheas failed to remove debris from the premises as required by the lease; that because of this failure Neponset had to invest $75,000 in the property; that Neponset was entitled to damages of $75,000 because of the Sheas' wilful breach of the conditions of the lease; and that Neponset owed no rent under the lease. Judgment was entered for Neponset on the Sheas' claim for possession and rent, and a judgment for the Sheas was entered on the counterclaim. The Sheas appealed to the Superior Court where they were allowed to amend their complaint to claim an additional $6,000 for rent for the period beginning September 1, 1980, and $2,372.26 due for increased real estate taxes. Neponset did not appeal from the judgment on the counterclaim.

The case was tried in the Superior Court before a jury, which awarded the Sheas possession and $18,000 for rent and taxes. Judgment was entered on the verdict, and Neponset moved for relief from the judgment under Mass.R. Civ.P. 60(b)(4), 365 Mass. 829 (1974), on the ground that the Superior Court was without jurisdiction to hear the appeal. The motion was denied, and Neponset appealed to this court.

The resolution of this case requires the interpretation of the provisions under G. L. c. 239, which govern summary process proceedings, and G. L. c. 231, §§ 97, 103 and 104,

---

amended to describe Neponset as the defendant in that action and appellant before this court.

which govern civil proceedings in general and parties' rights to a jury trial by removal and by appeal to the Superior Court.

Neponset's entire argument rests on the amendment of G. L. c. 231, § 103, by St. 1975, c. 377, § 103 (the "new" § 103), which, in addition to making changes conforming the verbiage of c. 231, § 103, to the newly enacted Massachusetts Rules of Civil Procedure, eliminated the last sentence which prior thereto had read: "This and the seven following sections shall not apply to actions under chapter two hundred and thirty-nine." See G. L. c. 231, § 103, as amended through St. 1931, c. 426, § 112 (the "old" § 103). The part of § 103 which provides that a party who brings in a District Court a civil action which might have begun in the Superior Court waives a trial by jury and right to appeal to the Superior Court was not affected by the 1975 amendment. Neponset argues that the deletion from § 103 of the exclusionary language, which had made §§ 103-110 inapplicable to summary process actions, brought this action within the purview of the waiver provisions of § 103 because the Sheas could have begun their action in the Superior Court. G. L. c. 239, § 2.

On the other hand, the Sheas argue that the exclusionary sentence of the old § 103 was mere surplusage and that its deletion had no effect on procedures in summary process. They argue that summary process appeals are governed not by § 103, but rather by G. L. c. 239, § 3. See also Commentary to Rule 12 of the Uniform Summary Process Rules. They rely on the language of § 3, as appearing in St. 1960, c. 463, § 1, which provides that appeals on the issues of possession and rent "*shall be to the superior court under section five*" (emphasis added). Despite the fact that § 5 refers only to defendants' appeals, the Sheas argue that G. L. c. 239, § 3, also grants the plaintiffs the right to appeal summary process cases from the District Court to the Superior Court: The issue thus drawn by the parties has not been presented before to the Supreme Judicial Court or this court.

To rule that the exclusionary sentence in old G. L. c. 231, § 103, was surplusage when enacted would be contrary to the maxim that "every word of a legislative enactment is to be given force and effect." *Chatham Corp.* v. *State Tax Commn.*, 362 Mass. 216, 219 (1972). There can be no doubt that summary process actions were contemplated as being civil actions to which the provisions of § 103 would otherwise have applied. There could be no other reason for the reference to them in that section. Compare also G. L. c. 231, § 97; *Nalbandian* v. *Patrizzi*, 369 Mass. 477, 480-481 (1976). But giving a full reading to the new G. L. c. 231, § 103, which, as we have indicated, restricts the right of appeal to the Superior Court when, as here, the plaintiff has chosen to bring the summary process action in the District Court rather than the Superior Court, puts it in contradiction to G. L. c. 239, § 3, which provides that summary process appeals "*shall* be to the superior court" (emphasis added), and G. L. c. 239, § 5, which provides the procedures by which appeals shall go to the Superior Court.

We are of the opinion that G. L. c. 231, §§ 97, 103 et seq., control appeals in summary process actions and that the provisions of G. L. c. 239, §§ 3 & 5, are subject to those provisions of c. 231. We have reached this decision through a study of the history of these statutes, which demonstrates that the right to appeal summary process actions to the Superior Court originally derived from c. 231, § 97. Tracing the development of these statutes to the present, we have found that the Legislature did not intend to supersede c. 231 with c. 239 as a basis for the right to appeal. This is evidenced by the fact that, having created the right of a defendant in a summary process action to counterclaim (G. L. c. 239, § 8A), the Legislature provided no authority for appealing that counterclaim other than in c. 231, § 97. Furthermore, in expanding the rights of both parties to claim monetary damages under c. 239, the Legislature provided for removal of these cases under G. L. c. 231, §§ 103 & 104, by deleting the exclusionary language from § 103. We

therefore, have concluded that the deletion of the exclusionary sentence in G. L. c. 231, § 103, manifested an intent by the Legislature that the provisions of G. L. c. 231, §§ 97, 103 et seq., were to apply to summary process cases just as they apply to all civil actions.

The key to the resolution of this case is in the modifier of G. L. c. 239, § 3, "under section five." Since § 5 concerns only bonds and deposits on a defendant's appeal, § 3 does not by its terms authorize plaintiff's appeal to the Superior Court (although it does not specifically preclude it). The right to appeal is derived from G. L. c. 231, § 97, which provides, in part, that a party aggrieved by a judgment in a District Court in an action that could not have been removed is entitled to appeal to the Superior Court.[3]

The provision in G. L. c. 239, § 3, that appeals on the issues of possession and rent "shall be to the superior court under section five" was inserted by St. 1960, c. 463, § 1. That same amendment authorized the plaintiffs to sue in summary process for rent. *Ibid.* Prior to 1960, summary process was a suit for possession only; recovery for rent had to be brought in a separate civil action. See G. L. c. 239, §§ 2 & 3, as in effect prior to St. 1960, c. 463, § 1, and § 7. And until the 1960 amendments, there was no provision under c. 239, other than § 5, which concerned an appeal to the Superior Court from a District Court judgment in summary process, and § 5 only required that the defendant post a bond or deposit before he appealed to the Superior Court. G. L. c. 239, § 5, as appearing in St. 1946, c. 175, § 1. Thus, prior to 1960, summary process appeals by either party were authorized only by G. L. c. 231, § 97, because § 97 provided then, as it does now, that a party might appeal a District Court judgment to the Superior Court if the action originally *could not have been removed* to the Superior Court, and the last sentence of the old G. L. c. 231, § 103,

---

[3] The fact that both the amount claimed and the amount counterclaimed in the case at bar were over $7,500 (see G. L. c. 231, § 104) will be addressed later in this opinion.

excluded summary process cases from the removal provisions of § 104.

When the 1960 amendment to c. 239, § 3, was enacted to provide that rent could be recovered in a summary process action (St. 1960, c. 463, § 1), it also added the provision: "In case of appeal on [the issues of rent or possession] the appeal shall be to the superior court under section five." *Ibid.* The added sentence reaffirmed the rights established under G. L. c. 231, § 97, but it did not confer upon parties any rights not theretofore existing under § 97. It was at most a directive that defendants who were appealing a judgment for possession or rent, or both, would have to comply with the procedural requirements of G. L. c. 239, § 5.

In 1965 the Legislature changed the removal provisions of G. L. c. 231, § 104, so as to predicate a defendant's right to removal on the amount claimed in the action. St. 1965, c. 377 ($2,000[4] minimum required). Although this resulted in a new set of cases which could not be removed and thus were appealable[5] under § 97 (i.e. those which did not meet the monetary minimum), § 104 specifically provided that these cases, if appealed by a party who could have removed but for the monetary minimum, would be treated as "retransferred" cases under § 102C.[6] Section 104 still did not apply to summary process cases, however, because of the exclusionary sentence in § 103. In this same year § 8A was added to G. L. c. 239, providing that subject to certain

---

[4] This was increased to $4,000 in 1974 (St. 1974, c. 437, § 2) and 1975 (St. 1975, c. 123, § 1) and to $7,500 in 1978 (St. 1978, c. 478, § 263).

[5] These cases would be appealable only by defendants or plaintiffs against whom a counterclaim was filed, since under § 103 a plaintiff (other than a summary process plaintiff prior to 1975 or one that was required to file in a lower court) waived his appeal to the Superior Court once he filed in the District Court.

[6] The most important aspect of this treatment is that in cases retransferred to the Superior Court from a District Court, the District Court judgment is prima facie evidence in the Superior Court. G. L. c. 231, § 102C. Thus, although there may have been some unequal treatment between the parties (see note 5, *supra*), this provision treating the cases as "retransferred" ameliorates the difference.

conditions a landlord could not recover in a summary process action when the premises were "in violation of standards of fitness for human habitation." St. 1965, c. 888.

Except for the matters mentioned in note 4, *supra*, no legislation of significance was enacted in this area until 1975, when major changes were made in G. L. c. 231 and c. 239 which provide the basis for this controversy. General Laws c. 239, § 8A, was amended by St. 1975, c. 467, § 3, to provide that a defendant in a summary process action could bring a counterclaim against the landlord for a breach of warranty or violation of any law. This was a major development in the metamorphosis of summary process actions from the original unique proceeding which could allow adjudication of only the right of possession in real property to an almost complete civil proceeding allowing plaintiffs the right to recover rent and use and occupation damages and defendants the right to counterclaim.[7]  Just eleven days before this amendment was enacted by the General Court, amendments to G. L. c. 231, §§ 103 & 104, were also enacted by St. 1975, c. 377, §§ 103 & 104. The change in § 103, as discussed above, deleted the last sentence which had provided that provisions of §§ 103 through 110 would not apply to summary process actions. Section 104 was amended not only by updating the language concerning claims, counterclaims and cross claims, but also by deleting the sentence (as appearing in St. 1965, c. 377): "No other party shall be entitled to an appeal." Thus § 104, which previously precluded any party from appealing to the Superior Court in an action in which the plaintiff had waived his right to appeal, was now silent on a party's right to appeal. It instead only defined a party's right to remove. Section 97 was then the source for a party's right to appeal to the Supe-

---

[7] The defendants had then and, with recent amendments, still have greater latitude in determining the scope and character of the summary process proceeding than plaintiffs. Whereas defendants may now counterclaim on any matter arising out of the rental of such property, plaintiffs are restricted to recovery of rent and use and occupation damages. G. L. c. 239, § 8A, as amended through St. 1981, c. 133.

rior Court, and § 103 defined when a plaintiff waived that right.

We believe the only reading to be given to these amendments is that the Legislature intended summary process actions to be treated like any other civil action for purposes of a plaintiff's appeal to the Superior Court. In granting a defendant the right to counterclaim in a summary process action (G. L. c. 239, § 8A), the Legislature did not provide in c. 239 for a plaintiff's or defendant's right to appeal such counterclaims to the Superior Court. Instead, the Legislature deleted the exclusionary sentence from G. L. c. 231, § 103, in order that such counterclaims could be governed by the removal provisions of § 104. Additionally, the result of this deletion was that all summary process claims would be governed by the waiver provisions of § 103. If we were to accept the Sheas' position that § 103 does not apply to the facts of this case, we would not only have to ignore the fact that the exclusionary sentence once existed and was deleted, but also we would have to read the deleted sentence back into § 103 so that all of §§ 103-110, including § 104, would not apply to summary process cases. We would also have to interpret the language in G. L. c. 239, § 3, to read that appeals on the issues of possession and rent and *any counterclaims asserted by the defendant* shall be to the Superior Court. However, the narrow reference in G. L. c. 239, § 3, to appeals on issues of possession and rent under § 5 does not allow that reading, especially in light of the deletion of the exclusionary sentence in § 103. Because G. L. c. 231, §§ 97, 103, 104 et seq., now govern the counterclaim aspects of summary process actions made possible by G. L. c. 239, § 8A, those provisions of c. 231 must control summary process cases in general. Therefore, because the Sheas' claim and Neponset's counterclaim sought damages in excess of $7,500, the original action could have been removed and, thus, was not appealable. G. L. c. 231, §§ 97 & 104. Even if there was a right to appeal, the Sheas waived that right (G. L. c. 231, § 103) by bringing suit in the District Court under G. L. c. 239, § 2.

This issue was treated by the trial judge as jurisdictional, and we agree with that treatment. General Laws c. 212, § 5, provides that the Superior Court "shall have jurisdiction of all civil actions and proceedings which are legally brought before it by appeal or removal." This statute may thus predicate the exercise of jurisdiction by the Superior Court on certain conduct of the parties. Although technical mistakes by a party bringing an appeal have been held to be subject to waiver and not to affect the Superior Court's jurisdiction (*Wheeler & Wilson Mfg. Co.* v. *Burlingham*, 137 Mass. 581, 582 [1884]; *Rawson* v. *Dofner*, 143 Mass. 76, 77 [1886]; *Folsom* v. *Cornell*, 150 Mass. 115, 120 [1889] [all cases involving technical noncompliance in appeal bond requirement]), substantive defects in bringing an appeal have been held to divest the court of jurisdiction. See *Henderson* v. *Benson*, 141 Mass. 218, 219 (1886) (no Superior Court jurisdiction when appeal bond had no surety); *Snow* v. *Dyer*, 178 Mass. 393, 396-397 (1901) (no Superior Court jurisdiction after time for taking appeal has elapsed); *Clearwater Laundry Co.* v. *Wiley*, 310 Mass. 255, 256 (1941) ("Compliance with [surety] requirement was essential to the jurisdiction of the Superior Court"). The Sheas' choice of the District Court as their forum precluded the Superior Court from exercising jurisdiction over their appeal (see *Universal Optical Corp.* v. *Globe Optical Co.*, 228 Mass. 84, 85-86 [1917]), and we are therefore constrained by the well settled principle that a court's lack of subject matter jurisdiction is a nonwaivable issue that can be raised by either party at any point in the proceedings. *Jones* v. *Jones*, 297 Mass. 198, 202 (1937). *Boston* v. *Mass. Port Authy.*, 364 Mass. 639, 645 (1974). Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974). Neponset's motion to vacate for lack of jurisdiction was, therefore, timely, and the Sheas were required to take their appeal to the appropriate Appellate Division of the District Court. G. L. c. 231, § 108.[8]

---

[8] Although the present Dist.Mun.Cts.R.Civ.P. 64 would apparently not apply to appeals in summary process actions (see Dist.Mun.Cts.R.

Insofar as the judgment reflects the Superior Court's exercise of jurisdiction over the District Court dispute, the judgment rendered for the Sheas is reversed.  Apart from that, the Sheas were entitled to have their amended claim for rent and taxes due from September 1, 1980, considered, and it was within the jurisdiction of the Superior Court to consider it.  G. L. c. 239, §§ 2 & 7.  Insofar as the judgment reflects a judgment in the Sheas' favor on that latter account, it is affirmed.[9]  The Superior Court judgment is therefore vacated, and an amended judgment shall be entered awarding the Sheas $6,000 plus interest from the date of the amendment to the original complaint and costs.

*So ordered.*

Civ.P. 81[a]) such appeals could be taken "in any lawful manner not inconsistent with the Constitution of this Commonwealth, [the District Municipal Courts Rules of Civil Procedure], or any applicable statute." Dist.Mun.Cts.R.Civ.P. 81(e).  See also Rule 12 of the Uniform Summary Process Rules.

[9] Neponset made no argument concerning the merits of the awards.