**B.I.D.C. MANAGEMENT COMPANY, Plaintiff**
vs.
**Florence AVILA, Defendant**

**No. 14792**

Superior Court/Bristol, ss.
Trial Court of the
Commonwealth of Massachusetts

**December 3, 1982**

</div>

Paul J. Gillis, counsel for plaintiff.
Arthur M. DeAcentis and Lynn Whitney, counsels for defendant, S. E. Mass. Legal Assistance.

## MEMORANDUM OF DECISION
## AND
## ORDER FOR JUDGMENT
### Background and Prior Proceedings

This summary process action was commenced by complaint, entered July 12, 1982. It is in the Superior Court on appeal by Defendant from a judgment for the Plaintiff, B.I.D.C., by the District Court ordering eviction of the Defendant, Avila. The parties have brought cross-motions for summary judgment. Defendant's motion is on the grounds that Plaintiff failed to properly follow eviction notice requirements in the lease. Defendant has filed an affidavit addressing this issue and rebutting Plaintiff's affidavit. Plaintiff's motion relies upon the district court decision. A copy of the judgment below is attached. Plaintiff's attorney has submitted on affidavit. Copies of the notice of eviction relied upon by Plaintiff and copies of the lease are attached to both motions.

### Facts

The Defendant, Avila, is a blind woman living in federally-subsidized housing which is managed by B.I.D.C. Co. The tenant occupied the housing under a lease which followed certain procedural requirements of federal guidelines, including eviction procedures (Lease Clause IX, Ex. B of Deft.'s Motion). That clause states, in relevant part, that "LANDLORD shall give Tenant thirty (30) days written notice prior to termination of this Lease for other than non-payment of rent. Such written notice shall be in clear and understandable terms and shall include the following:

1. a full statement of reason(s) for the action, including reference to the alleged violation(s) of this agreement and the alleged facts upon which it is based. (Emphasis added)

2. a statement of the Tenant's right to a conference and the means by which the conference may be requested; provided, however, there is no right to a conference if non-payment of rent is a basis of determination.

The notice to quit was/timely. The reasons stated are "breach of your lease by reason of excessive noise and

nuisance." Notice of right to a conference is in a postscript: "A copy of this notice is being mailed to the Massachusetts Housing Finance Agency. You are further notified that you may request a conference within ten (10) days from receipt of this notice." Mrs. Avila states in her affidavit (Defendant's Supporting Memorandum): "I did not understand the Termination Notice that was served on (me). It didn't tell me anything about what I was suppose (sic) to have done . . . Had I known how to obtain a hearing, I would have asked for an informal conference." With respect to the grounds for eviction, Mrs. Avila acknowledges she has problems keeping her apartment clean, but denies that it smells or has bugs. She also denies attacking Tracy Grimes, apparently another of the issues raised at trial as grounds for her eviction.

Plaintiff's motion incorporates the judgment of the district court and states:

> (t)hat if a trial were to be held in this Court, the same five (5) witnesses for the Plaintiff would testify as to Defendant's actions which constitute noise and nuisance (Affidavit attached and incorporated).

The attached affidavit by the attorney for the Plaintiff lists the witnesses and summarizes their testimony in the district court trial.

## Questions Presented

Determination of these summary judgment motions turns on the following issues:

1. Does this Court have jurisdiction of this summary process appeal, and

2. Is either party entitled to summary judgment?

## Discussion - Issue 1

Summary process proceedings are governed by G.L.c. 239. Section 2 of that chapter provides that summary process actions may be brought in either the District or Superior Court. Section 3 provides that appeals on the issues of possession and rent, "shall be in the Superior Court under Section 5." Section 5 concerns only bonds and deposits on Defendants' appeals. Prior to the recent Appeals Court decision of **Shea v. Neponset River Marine & Sportfishing, Inc.**, 14 Mass. App. Ct. 121 (1982), it was the generally held view that the appeal process mentioned in C. 239 was a trial **de novo** in the Superior Court governed by C. 231, sec. 97, which provides for appeals from the district court to the Superior Court of civil cases "which could not have been removed to the Superior Court . . . to be tried as if originally entered therein." See Uniform Summary Process Rule 12.

For the reasons discussed below, Defendant in this case is entitled to trial **de novo** under C. 231, sec. 97, despite the dramatic changes to summary process appeals dictated by the **Shea** decision.

In **Shea**, the landlord commenced a summary process action against the tenant in a district court seeking possession and rent of $12,000 under the lease. The tenant alleged breach of contract and counterclaimed for damages of $75,000. Judgment in the district court was for the landlord on both possession and rent due and judgment entered for tenant on the counterclaim. Plaintiff landlord appealed to the Superior Court for trial **de novo.** After jury trial in Superior Court, judgment entered for the landlord for possession and rent. The Defendant moved for relief from judgment on the ground that the Superior Court lacked subject matter jurisdiction over the District Court appeal. The motion was denied, but was reversed on appeal.

The Appeals Court held that G.L. c. 231, secs. 103 and 104 govern summary process appeals. Prior to 1975, Section 103 read: "(t)his and the seven following sections shall not apply to actions under Chapter two hundred and twenty-nine." The legislature deleted this sentence in 1975. The Appeals Court concluded that this deletion signified an expression of intent by the legislature to apply the

waiver provisions of sec. 103 to summary process appeals.[1]

Section 103 provides that a party who, given an option, elects to bring a civil action in district court waives his right to a jury trial and to appeal to the Superior Court, unless the proceeding is removed to the Superior Court pursuant to sec. 104. Under sec. 104, a claim in excess of $7,500 must be removed prior to a district court trial. Actions under $7,500 may be removed after trial. Accordingly, Shea's appeal to the Superior Court was barred for two reasons:

1. It had failed to remove a claim in excess of $7,500 pursuant to sec. 104 and; (2) by electing to bring its action in district court, it had waived a Superior Court appeal under sec. 103.

As this action was commenced in July 1982, it precedes the effective date of the new legislation and is controlled by **Shea.** However, as the new amendment to c. 239 which expressly provides that c. 231 secs. 103, 104 **do not** apply to summary process appeals was enacted shortly after the decision in **Shea** pointed out the conflicts within the statutory provisions governing summary process appeals, "it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change." 1A. Sands, Sutherland Statutory Construction, sec. 23.31 (4th ed. 1974). Accordingly, **Shea** must be held to its facts.

The court in **Shea** noted that the legislature deleted the exclusion of summary process from C. 231, sec. 103 just 11 days before the amendment of sec. 8A of C. 239 (St. 1975, c. 467, sec. 3), which allowed Defendants to counterclaim against the landlord for breach of warranty or violation of any law, dramatically expanding summary process beyond its origin as an eviction proceeding only. The Court concluded that the legislature made these revisions "in order that such counterclaims could be governed by the removal provisions of sec. 104." **Shea,** 14 Mass. App. Ct. at 128. The Court went on to conclude that if sec. 104 governed counterclaims made possible by c. 239, sec. 8A, then it must also control summary process cases in general. Shea's appeal as Plaintiff was accordingly barred.

The holding thus precludes appeals by Plaintiff or Defendant where their claims exceed $7,500, a situation first made possible by the enactment of c. 139, sec. 8A. The instant action, involving eviction only, is not affected, despite the Court's sweeping application of c. 231, sec. 104 to summary process. Nor is there any waiver of the right to appeal by Defendant in this case under c. 231, sec. 103, where Plaintiff has chosen to bring his action in District Court. Accordingly, this Court has jurisdiction of Defendant's appeal under c. 239, secs. 3, 5 and Defendant is entitled to trial **de novo** pursuant to c. 231, sec. 97.

### Discussion—Issue 2

As the appeal is before this Court "**de novo**", it is appropriate to address alleged errors of law. See, **Anderson v. Goodman,** 341 Mass. 704 (1961).

Defendant submits that the notice of eviction did not comply with the requirement of the governing lease provision (which are tailored to comply with federal requirements), and that the failure to comply with the notice requirements entitles Defendant to judgment as a matter of law.

There is no dispute as to the contents of the letter which Plaintiff relied upon as notice of termination, nor is there any dispute as to the lease provisions governing such notice. The most cursory examination of that letter reveals that it

---

[1]The procedural quagmire created by Shea has resulted in ameliorative legislation (St. 1982, C. 304, effective October 7, 1982) amending C. 239 § 3 by replacing paragraph 2 as follows: "In case of appeal from the district court on either or both issues involved or under any counterclaim, the appeal shall be to the Superior Court under Section Five and Section ninety-seven of Chapter two hundred and thirty-one." Further ambiguity is created by the allusion in this amendment to "Section five and ninety-seven . . . ." "Section five" clearly refers to C. 239.

fails to comply with the relevant lease provisions as set out above. The statement that Defendant is being evicted for "breach of your lease by reason of excess noise and nuisance." is a conclusory statement containing no factual information and no reference to alleged violations of the lease. It could not have meaningfully informed Defendant of the complaints against her. Plaintiff's notice of a right to conference was even more deficient. It informed Defendant of her right to a conference, but not the **means** by which such a conference could be requested, as required by the lease.

Plaintiff states in her affidavit that she did not know how to obtain a hearing, but would have asked for one had she been properly informed. The pre-eviction informal conference mechanism is an important provision in the lease, designed to help parties resolve their differences without resort to litigation. Clause IX of the lease, the clause which contains the notice of termination provisions, also expressly provides the reasons for which a landlord may terminate the lease. Unless there is an express provision in a lease contract that a breach of covenant shall terminate the lease or allow a forfeiture of the lease, a breach by the tenant will not automatically cause termination of the lease and authorize the landlord to institute summary process. **Boston Housing Authority v. Hemingway,** 363 Mass. 184 (1973). Here, the landlord's eviction rights were expressly conditioned upon proper performance of the notice of eviction provisions. Plaintiff's actions constitute a significant and material departure from the lease provisions and its right to summary process is accordingly barred. **Order**

WHEREFORE, it is hereby ORDERED that summary judgment enter for the Defendant.

BY THE COURT:
**Robert J. Hallisey**
**Justice of the Superior Court**