Toomey, J.
This matter is before the court on defendant Wyman Gordon Company’s (Wyman Gordon) Motion to Dismiss Count V of Plaintiffs’ Complaint or, in the alternative, to Stay the Litigation Pending Compliance with M.G.L.c. 2IE, §4A. Defendant contends that plaintiffs’ failure to comply with the §4A notification procedure constitutes a jurisdictional bar which prevents this court from adjudicating the merits of plaintiffs’ c. 2IE claim. For the reasons discussed *139 below, defendant’s Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(1) is DENIED.
BACKGROUND
Plaintiffs allege the following facts in their complaint. Wyman Gordon owns various manufacturing operations on a parcel of real estate abutting plaintiffs’ property in North Grafton, Massachusetts. Plaintiffs assert that Wyman Gordon’s manufacturing and chemical storage and waste disposal operations allowed dangerous quantities of chemicals, such as tetrachloroethylene, to migrate to plaintiffs’ property by various means. First, they claim that defendant has discharged liquids into a brook running through plaintiffs’ property pursuant to a discharge permit, 33 U.S.C. §1251, et seq. and M.G.L.c. 21, §26, et seq. Second, they allege that the subsurface water also migrates from Wyman Gordon’s plant toward plaintiffs’ land. Third, plaintiffs claim that defendant has buried waste materials and maintained percolation lagoons for liquid waste materials on this site. As a result of the surface contours of the land, surface run-off occurs either into the brook running through plaintiffs’ land or over the ground’s surface towards plaintiffs’ property. The Complaint alleges both personal injury and real property damages.
DISCUSSION
Subject matter jurisdiction is an issue to be determined solely by the court. Parties cannot waive jurisdiction or confer jurisdiction where it does not exist. Dennis v. Dennis, 337 Mass. 1, 4 (1958) (cite omitted); Mark v. Kahn, 333 Mass. 517, 519 (1956). See also Shea v. Neponset River Marine & Sportfishing, Inc., 14 Mass.App.Ct. 121, 129 (1982) (stating that a court’s lack of subject matter jurisdiction is a nonwaivable issue that can be raised by either party at any time).
Count V of plaintiffs’ Complaint seeks to recover damages from Wyman Gordon pursuant to M.G.L.c. 2IE, §§5 and 15. Defendant contends that this court must dismiss Count V for lack of subject matter jurisdiction because plaintiffs have failed to comply with the notice provision of M.G.L.c. 21E, §4A, added by St. 1992, c. 133, §294. Section 4A provides, in relevant part:
(a) Any person who has undertaken, is undertaking, or intends to undertake a necessary and appropriate response action . . . may notify any person he reasonably believes is liable pursuant to section five that the response action has been taken or is being taken or of the notifier’s intent to take such response action or to seek contribution, reimbursement or equitable share from other persons, and that the notifier requests the person to whom the notice is being sent either to itself perform or participate in the performance of the response action on an equitable basis or to make contribution or reimbursement or pay its equitable share of the costs of such response action or other liability pursuant to the provisions of this chapter . . .
(c) Only after notice has been given and after the procedures described in this section have been carried out, any person who has given notice pursuant to this section may commence a civil action in the superior court department of the trial court seeking from the notice recipient contribution, reimbursement or an equitable share of the costs of such response action or of such actual or potential liability . . .
Plaintiffs counter that the §4A requirements are inapplicable to the case at bar. They argue that §4A involves only cost recovery and response action claims concerning remediation of hazardous waste sites and does not pertain to claims for real or personal property damages as are presented by Count V.[1]
Because the legislature only recently enacted Section 4A, there is a dearth of case law on its interpretation. A comparison of Section 4A with Section 5, however, demonstrates that the legislature intended real and personal property claims, such as that at bar, to be governed by Section 5.
Section 5 of M.G.L.c. 21E states, in relevant part:
(a) Except as otherwise provided in this section, (1) the owner or operator of a vessel or a site from or at which there is or has been a release or threat of release of oil or hazardous material; (2) any person who at the time of storage or disposal of any hazardous material owned or operated any site at or upon which such hazardous material was stored or disposed of and from which there is or has been a release or threat of release of hazardous material; (3) any person who by contract, agreement, or otherwise, directly or indirectly, arranged for the transport, disposal, storage or treatment of hazardous material to or in a site or vessel from or at which there is or has been a release or threat of release of hazardous material; (4) any person who, directly, or indirectly, transported any hazardous material to transport, disposal, storage or treatment vessels or sites from or at which there is or has been a release or threat of release of such material; and (5) any person who otherwise caused or is legally responsible for a release or threat of release of oil or hazardous material from a vessel or site, shall be liable, without regard to fault.. . (iii) to any person for damage to his real or personal property incurred or suffered as a result of such release or threat of release . . .
The plain reach of §5 is to claims for personal and real property damage. Remediation claims are governed by §4A. The viability of the instant Count V is, therefore, controlled by §5 and not by §4A.
In contrast to §4A, Section 5 does not require a plaintiff to provide notice prior to commencing an action in the Superior Court. Because the legislature *140 amended Sections 4A and 5 by the same statute, St. 1992 c. 133, its omission to include a similar notice provision in §5 indicates its intent to treat differently response actions and properly damage claims. Thus, neither by expression nor by implication has the legislature engrafted a notice requirement onto §5 and lawsuits brought pursuant to its provisions.
Section 11A of M.G.L.c. 2 IE reinforces the distinction between §4A and §5 claims. Section 11A, also added by St. 1992 c. 133, establishes deadlines for the commencement of an action under various provisions of c. 21E. Section 11A(2) addresses “(a]ctions brought pursuant to Sections four or four A to recover reimbursement, contribution or equitable share . . .” In contrast, §11A(4) concerns real or personal property claims and does not mention Sections 4 or 4A.
When M.G.L.c. 21E is read as a whole, the conclusion is compelling that claims for real or personal property damage under §5 are separate and distinct from claims for response actions under §4A.[2] See Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991) (“a statute should be read as a whole to produce an internal consistency”). Accordingly, the notice provisions of §4A are inapplicable to this §5 claim and present no bar to plaintiffs’ bringing this action under M.G.L.c. 2IE, §5.[3]
This court also finds unpersuasive Wyman Gordon’s assertion, during oral argument upon this motion, that the language of §4A referring to attorneys fees is applicable to all c. 2 IE causes of action. See M.G.L.c. 21E, §4A(d)-(f). For the reasons previously discussed, §4A does not concern those attorneys fees associated with real or personal property claims.
ORDER
For the foregoing reasons, this court hereby ORDERS that defendant Wyman Gordon’s Motion to Dismiss, pursuant to Mass.R.Civ.P. 12(b)(1), or alternatively, Motion to Stay the Litigation Pending Compliance with M.G.L.c. 2 IE, §4A, is DENIED.

Plaintiffs’ Complaint does not contain a claim under M.G.L.c. 2 IE, §4A for contribution or reimbursement concerning a response action. The Complaint also makes no mention of any expenditures by plaintiffs relating to a response action.

Another recent Superior Court decision similarly bifurcated property damage claims and response action claims under M.G.L.c. 21E. D&NPhillips, Ltd. d/b/a Flagship Motel etal v. Upper Cape Heating Inc., d/b/a The PS Ideal Fuel Co., etal Barnstable Superior Court, Civil Action No. 93-250 (“this action is a property damage claim, the Section 4A pre-litigation claims procedure applies to a contribution or cost recovery suit. . .”).

Phis decision renders unnecessaiy an analysis as to whether the statutory language of §4A(a) merely permits a plaintiff to provide notice of a pending or imminent response action, or whether such notice is mandatory when read in conjunction with §4A(c). M.G.L.c. 21E, §4A(a), (c).