Gershengorn, J.
This is an action arising out of the alleged release of oil and /or other hazardous materials onto, and the contamination of, plaintiffs’ property by defendant. Plaintiffs, among other claims, have sued defendant under G.L.c. 21E seeking reimbursement for and contribution to the costs of response actions which have been and will be undertaken by plaintiffs. Defendant now moves to dismiss Counts XIII and XTV or, in the alternative, for judgment on the pleadings on the grounds that (1) the letter plaintiff, Massachusetts Hardware and Supply Co., Inc., (“Massachusetts Hardware”), forwarded to defendant did not constitute a valid demand under c. 2 IE, §4A as it did not satisfy the prerequisites set forth in that section; and (2) plaintiffs, Edward T. Casey, Jr. and Carol Blood, as trustees of the RBS Realty Trust aka Richard B. Sheer Realty Trust (“plaintiff Trustees”), have failed to provide notice to defendant as required by c. 2 IE, §4A. For the reasons that follow, defendant’s motion to dismiss Counts XIII and XIV is denied as to Massachusetts Hardware and is allowed as to plaintiff Trustees; and defendant’s alternative motion for judgment on the pleadings is denied as to all plaintiffs.
BACKGROUND
Plaintiff Trustees are trustees of the RBS Realty Trust aka Richard B. Sheer Realty Trust, which holds title to the subject property located at 170 High Street in Waltham, Massachusetts. Massachusetts Hardware has a leasehold interest in that property. Defendant is the trustee of Salamone Realty Trust which owns property located at 152 High Street, adjacent to plaintiffs’ property, and operates a business, Paul’s Auto Service, at that location.
In 1993, Nangle Consulting Associates, Inc. (“Nangle”) discovered oil and/or other hazardous materials on plaintiffs’ property. Nangle determined that the defendant’s property was the source of those hazardous materials which Nangle concluded had migrated from defendant’s property onto plaintiffs’ property.
On November 12, 1997, Massachusetts Hardware forwarded a demand letter to defendant allegedly pursuant to G.L.c. 2 IE, §4A. Defendant, who received that correspondence on November 14, 1997, responded in a letter dated December 30, 1997, claiming that the November 12, 1997 letter did not comply with the requirements of c. 21E, §4A.
On December 16, 1996, plaintiffs filed a complaint against defendant and, thereafter, on January 30,1998, filed an amended complaint that, among other things, added two counts (Counts XII and XIV) under c. 2 IE.
DISCUSSION
G.L.c. 2 IE, §4A sets forth detailed procedures by which a private party who has “undertaken, is undertaking, or intends to undertake” response actions in order to remedy a release of hazardous materials may obtain reimbursement for, or contribution towards, the cost of any such actions. G.L.c. 2 IE, §4A.[2] Section 4A further provides that “Only after notice has been given and after the procedures described in this section have been carried out, any person who has given notice pursuant to this section may commence a civil action in the Superior Court. . .” G.L.c. 2 IE, §4A(c),
1. Massachusetts Hardware
Massachusetts Hardware claims that its November 12, 1997 letter gave notice to defendant pursuant to c. 21E, §4A. Defendant responds that this letter failed to comply with the procedural requirements of §4A(a), and, thus, Massachusetts Hardware cannot bring an action under c. 2 IE in the superior court.
The purpose of c. 21E, §4A is to “encourage parties to settle environmental liability suits without formal litigation proceedings.” Rudnick v. Hospital Mtg. Group, Inc., 951 F.Sup. 7, 9 (D.Mass. 1996), quoting Zecco, Inc. v. The Travelers, Inc., 938 F.Sup. 65, 67 (D.Mass. 1996). “[S]ection 4A serves the stated goals of the 1992 amendments — to ’increas[e] the private sector’s responsibility for timely site assessment and cleanup,’ Commonwealth of Massachusetts, Fiscal Year 1993 Investments in Success: FRAMEWORK FOR GROWTH, Budget Message, Volume I, at III-24 (Jan. 22, 1992), and to provide an incentive structure that makes it more efficient and considerably less risky to mediate outside of court, see Harry E. Manasewich, 21E Amendment A ‘Backdoor’ Mandate to Mediate?, Mass. Law. Wkly., Oct. 30, 1995, atB5.” Rudnick, 951 F.Sup. at 9. No legislative purpose would, therefore, *22 be served by barring Massachusetts Hardware’s c. 21E claim merely because it did not provide perfect notice. Rudnick, 951 F.Sup. at 9. As long as a plaintiff gives actual notice of his or her potential c. 2IE claim, he or she may file a c. 2IE action in the superior court. Therefore, the question before this Court is whether Massachusetts Hardware gave defendant actual notice of its potential c. 2 IE claim.
The November 12, 1997 letter forwarded by Massachusetts Hardware to defendant identifies Massachusetts Hardware as the party giving notice and describes Massachusetts Hardware’s relationship with the site. See §4A(a)(i). The letter also references an environmental study concluded by Nangle which was forwarded to defendant on January 27, 1997 together with a second environmental assessment conducted by Nangle. Nangle’s study describes the responsive actions it has already taken and its recommendations for future responsive actions. See §4A(a)(ii). The cost of the past actions and the expected cost of future actions were, however, not listed in either the letter or the study. See id. The letter further details the factual and legal basis of Massachusetts Hardware’s claim against defendant and again references Nangle’s environmental study. See §4A(a)(iii). Moreover, the letter requests that defendant reimburse Massachusetts Hardware for all costs incurred in remedying the hazardous condition and that defendant pay for all costs which will be incurred in the future. See §4A(a)(iv).
This Court finds and rules that the November 12, 1997 letter constitutes actual notice sufficient to satisfy the procedural requirements of c. 2IE, §4A. Even assuming that the letter did not describe the required information with sufficient particularity, see §4A(a)(iii), and did not include the specific cost of the response actions already taken and the expected cost of future response actions, see §4A(a)(ii), Massachusetts Hardware may pursue a c. 21E claim in superior court as perfect notice is not required. See Rudnick, 951 F.Sup. at 9 (holding that, although the letter at issue was defective and, thus, did not constitute perfect notice, it did not bar plaintiffs c. 2IE claim). When a party gives actual notice of his or her potential c. 21E claim and, in essence, makes an attempt to settle the dispute without resorting to the courts, “Section 4A(a) is not a jurisdictional bar to [the] commencement of [a c. 2 IE] action. At most, the . .. defective notice may be insufficient to toll the statute of limitations, see Mass.Gen.L. ch. 21E, §11A(2), or to provide a basis for awarding attorneys fees, see Mass.Gen.L. ch. 2IE, §4A(d).’’ Id. Accordingly, because Massachusetts Hardware has provided defendant with actual notice of its potential c. 2 IE claim, Massachusetts Hardware may pursue its c. 21E claim against defendant in the superior court.
2. Plaintiff Trustees
Defendant argues that the plaintiff Trustees have failed to provide him with notice pursuant to c. 2IE and, thus, under c. 2IE, §4A(c), are barred from bringing a c. 21E suit in superior court. Although notice under §4A appears optional as subsection (a) provides that a party may notify other persons from whom it seeks reimbursement or contribution, subsection (c), read in conjunction with subsection (a), requires that a person give notice in order to file a c. 2IE action in superior court. G.L.c. 2 IE, §4A(c) (“Only after notice has been given and after the procedures described in this section have been carried out, any person who has given notice pursuant to this section may commence a civil action in the superior court...” (emphasis added)). See Rudnick, 951 F.Sup. at 9 (noting that §4A contains ambiguities with regard to whether notice is discretionary or mandatory), citing Power v. Wyman Gordon Co., Civil No. 93-1751, 3 Mass. L. Rptr. 138, 140 n.3 (Worcester Super. Ct. November 17, 1994). To interpret §4A as merely providing parties seeking reimbursement and/or contribution an option to give notice would be to entirely eviscerate the purpose of that section — to encourage parties to settle environmental liability disputes before resorting to the courts.
Plaintiff Trustees do not dispute that they failed to provide notice to defendant pursuant to c. 2IE. The November 12, 1997 letter states only that Massachusetts Hardware, and not plaintiff Trustees, was making a demand on defendant for reimbursement and contribution in compliance with c. 21E. Therefore, because plaintiff Trustees have not served defendant with notice pursuant to §4A(a), plaintiff Trustees cannot commence a civil action in the superior court. G.L.c. 21E, §4A(c).
ORDER
It is hereby ORDERED that defendant’s Motion to Dismiss Counts XIII and XTV is DENIED as to Massachusetts Hardware and is ALLOWED as to plaintiff Trustees. It is further ORDERED that defendant’s alternative Motion for Judgment on the pleadings is DENIED as to all plaintiffs.

G.L.c. 21E, §4A(a) provides:
Any person . . . who has undertaken, is undertaking, or intends to undertake a necessary and appropriate response action or who . . . might be liable pursuant to Section five may notify any person he reasonably believes is liable pursuant to Section five that the response action has been taken or is being taken or of the notifier’s intent to take such response action or to seek contribution, reimbursement or equitable share from other persons .. . Said notice shall be sent by certified mail, return receipt requested, and shall (i) identify the person giving the notice and the relationship of that person to the site . . . (ii) identify and describe the response action that has been, is being, or is intended to be undertaken, including the expected cost and the duration of the response action, and the nature and amount of actual or potential liability . . . (iii) describe with particularity the legal and factual basis for the notifier’s claim that the person to whom the notice *23 is being sent is liable pursuant to Section five, and (iv) state said person’s proposed contribution, reimbursement or equitable share of such liability pursuant to this section and rationale for such proposal.