BONITA PORTER & another[1] vs. CLERK OF THE SUPERIOR
COURT & others.[2]

Suffolk.   April 9, 1975. — June 10, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Statute*, Retroactive statute. *Interest.*

The new interest rate of eight per cent on damages established by
    St. 1974, c. 224, § 1, amending G. L. c. 231, § 6B, applied only
    from the date the amendment became effective, August 14, 1974,
    in an action in progress on that date.  [116-119]

CIVIL ACTION commenced in the Supreme Judicial
Court for the county of Suffolk on October 23, 1974.

The case was reserved and reported by *Reardon*, J.

*Marvin K. Rosnick* (*Michael J. Ravelli* with him) for
the plaintiffs.

*Howard J. Whitehead*, Assistant Attorney General, for
Clerk of the Superior Court for the county of Worcester.

*Robert B. Shumway*, for Chain Haulage, Inc., & an-
other, interveners, submitted a brief.

TAURO, C.J.   This case is before us on a reservation
and report by a single justice of this court.   The sole issue
is whether St. 1974, c. 224, § 1, amending G. L. c. 231,
§ 6B, is to be given retroactive effect, and thus whether
the newly-established interest rate of eight per cent is to
be applied to plaintiffs' damages from the date of the
writ.   We hold that the amendment was not meant to
have fully retroactive effect, and that the eight per cent
rate is to be applied only after August 14, 1974, the ef-
fective date thereof.

[1] Clement H. Porter, Jr.

[2] Chain Haulage, Inc., and Albert J. Kelley.

The facts which give rise to this case are not in dispute. Briefly stated, the plaintiffs were involved in a multivehicle collision on January 4, 1967. They brought suit by writ dated December 31, 1968, against Albert J. Kelley and Chain Haulage, Inc., in the Superior Court for the county of Worcester. The case was tried before a jury who rendered verdicts on October 15, 1974, in favor of both plaintiffs.

The defendant clerk has caused interest to be added to the said verdicts at the rate of six per cent per annum from the date of the writ until August 14, 1974, and thereafter at the rate of eight per cent per annum to the date of the verdicts and judgment.

On receipt of the execution bearing interest computed as stated above, the plaintiffs brought the instant complaint before a single justice of this court, seeking to compel the clerk to add interest of eight per cent per annum from the date of the writ. The defendant filed an answer admitting all of the allegations contained in the complaint, but asserting that his actions were consistent with the statutory provisions.[3]

The defendants in the original tort action filed a motion for leave to intervene, which motion was allowed. A statement of agreed facts was filed, and the matter was argued orally before the single justice by the plaintiffs and the interveners. Thereafter, the single justice reserved and reported the matter for determination by this court.

---

[3] General Laws c. 231, § 6B, read as follows prior to the 1974 amendment: "In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of the court to the amount of damages interest thereon from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law" (as amended through St. 1973, c. 1114, § 155).

The 1974 amendment, St. 1974, c. 224, § 1, inserted the words "at the rate of eight per cent per annum" after the word "thereon."

In the past, in order to determine whether a statute was to be given retroactive effect, it was necessary to determine whether it affected substantive rights or was merely remedial or procedural. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3 (1914). See *Building Inspector of Acton* v. *Board of Appeals of Acton*, 348 Mass. 453, 456 (1965). However, in *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624 (1974), we chose not to rely on the substantive-procedural distinction and instead attempted to formulate a more workable rule.

The rule we adopted has us look to the stage of the proceedings affected by the change and determine whether that stage has been completed on the effective date of the amendment. If the point in the proceedings to which the statutory change is applicable has already passed, the proceedings are not subject to that change. If, on the other hand, that point has not yet been reached, the new provisions apply. This rule gives the broadest application to legislatively mandated changes without subjecting each completed step in the litigation to the uncertainty of possible future legislative change. *Id.* at 628.

In applying *Vinciullo* to the instant case, we note that the statute in question does not apply to any particular stage of the proceedings. The interest afforded by the statute is meant as compensation for delay, *Parks* v. *Boston*, 15 Pick. 198, 208 (1834); *Murphy's Case*, 352 Mass. 233, 234-235 (1967), and as such, it accrues daily. The finding or order for judgment merely makes this accrued interest payable. Thus, the point in the proceedings to which the statutory interest rate applies is passed each day, and the rate applicable on each day is that in effect at the time.

"[T]his result is buttressed by considerations of fairness." *City Council of Waltham* v. *Vinciullo, supra,* at 629. If we were to hold otherwise, unfair distinctions would abound. If we held the statute to be fully retroactive, an unfair distinction would be made as to cases

begun ten years ago between verdicts on August 13 (six per cent rate governs throughout) and those on August 15 (eight per cent rate for entire period).  Similarly, if we wholly denied retroactive effect, we would sanction unfair discrimination between actions begun on August 13 and those begun just two days later.  We do not believe such results were intended by the amendment to G. L. c. 231, § 6B, and we think our holding is consistent with the letter and spirit of both the amendment and our most recent decisions regarding retroactive application of statutes.[4]  Accordingly, we hold that the defendant clerk was correct, and that interest should be added at the six per cent rate from the commencement of the action until August 14, 1974, and at the eight per cent rate thereafter.

*So ordered.*

---

[4] This holding is consistent with the result reached by the Appeals Court in *Industrial Engr. & Metal Fabricators, Inc.* v. *Fontaine Bros.* 2 Mass. App. Ct. 695, 698-699 (1974), where that court construed a similar amendment to § 6C of c. 231 (dealing with interest in contract actions).