372                                    9 Mass. App. Ct. 372

South Middlesex Regional Vocational Tech. Sch. Dist. Comm. *v.* Superior Court.

South Middlesex Regional Vocational Technical
School District Committee *vs.* Superior Court
& another.

Middlesex. January 23, 1980. — March 12, 1980.

Present: Hale, C.J., Grant, & Nolan, JJ.

*School and School Committee,* Termination of employment. *Statute,* Retroactive statute. *Practice, Civil,* Dismissed school teacher's appeal.

Statute 1977, c. 671, amending G. L. c. 71, § 43A, to provide for a hearing de novo upon appeal by a tenured teacher from a decision to dismiss him, was applicable to an action which was tried after the effective date of the amendment even though the events underlying the litigation occurred prior to the effective date. [375-376]
Dismissal of a tenured teacher was not justified where the proof did not support the charges specified by the school committee. [376-377]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 19, 1978.

On transfer to the Appeals Court, the case was heard by *Brown,* J.

*Laurence A. Faiman* for the plaintiff.

*Brian A. Riley* for Bruce Bartolini.

NOLAN, J. Bruce Bartolini, a tenured teacher of biology employed by the plaintiff at Keefe Regional Vocational School in Framingham, was dismissed from his employment on October 11, 1977, for conduct unbecoming a teacher. He had been employed by the plaintiff continuously from September, 1973, until his dismissal. His appeal to the Superior Court pursuant to G. L. c. 71, § 43A, resulted in his reinstatement. The plaintiff sought review of the action of the Superior Court by filing a complaint in the nature of certiorari in the Supreme Judicial Court, G. L. c. 249, § 4.

9 Mass. App. Ct. 372                                           373

South Middlesex Regional Vocational Tech. Sch. Dist. Comm. v. Superior Court.

The case was transferred to this court under the authority of G. L. c. 211, § 4A. A single justice of this court remanded the case to the Superior Court for findings of fact and for compliance with certain procedural niceties. After its return, the single justice entered an order dismissing the complaint.

Bartolini requested a designation of the charges against him on August 12, 1977. The plaintiff responded in compliance with G. L. c. 71, § 42, with the following specifications:

> "The cause or causes of the proposed dismissal are conduct unbecoming a teacher, more specifically, conduct of a nature which improperly utilized a student during school hours and upon school property for private gain as a result of which the student was required to perform an illegal act, said conduct not being in the best interest of the Keefe Regional Vocational School or of the students attending the said school, as well as for other good cause."

The trial judge found that Bartolini repaired automobiles after school hours. He did auto body work consisting of sanding and painting cars. For a period of several years, Bartolini employed students in this pursuit after school hours. During February and March, 1977, he employed Norman C. Furbush on a part-time basis for a few days a week after school hours. Furbush was enrolled in the automotive program at the school, but he was not enrolled in any class taught by Bartolini. The judge found no school regulation which prohibited teachers from working part-time or from employing students after school hours.

Furbush and another student at the school, Robert Lauginiger, went to Bartolini's home in Framingham at 7:00 P.M. on March 30, 1977. The two boys and Bartolini drove to Hopkinton in an automobile belonging to Furbush's father. The precise destination was the Wood Street Garage in which there was a truck, the property of Bartolini, to be

driven back to Bartolini's home in Framingham. The trio discovered that it was impossible to move the truck because of a mechanical failure. Arrangements were then made with the garage to repair the truck and to make it available for removal on the next day by Bartolini. However, Bartolini was unable to pick up the truck then because of a meeting after school on the next day. On learning of the meeting, Furbush offered to pick up the truck and to use his father's repair plates to move the truck from the garage to Bartolini's home. The elder Furbush owned a gasoline station and had allowed his son in the past to drive vehicles bearing these repair plates. Bartolini agreed to this plan. On the next day, March 31, 1977, in the automotive shop at school, Furbush repeated his offer to pick up the truck but told Bartolini that he could not use his father's repair plates. Later that day, after school hours, Bartolini gave Furbush keys to a motor vehicle which could be used to transport him to the garage. He also gave Furbush the title to the truck. Lauginiger had already consented to go with Furbush. Bartolini told Furbush that he had been advised that it was legal to use the license plate from the automobile to deliver the truck to Framingham. The judge found that Bartolini believed that this use was not illegal.

After school, Furbush and Lauginiger drove to the garage in Hopkinton, paid the bill, removed the front plate from the motor vehicle which had transported them to the garage, and placed it in the back window of the truck. Furbush drove the truck, and Lauginiger drove the automobile in the direction of Bartolini's home in Framingham.

A police officer of the town of Ashland intercepted Furbush, gave him a citation for attaching plates illegally and for operating an unregistered and uninsured vehicle. On learning of Furbush's encounter with the police, Bartolini went to the police station and unsuccessfully tried to resolve the problem. Bartolini provided Furbush with an attorney and, together with Furbush's mother, accompanied him to court. The court cases were ultimately continued without a finding for a year upon the payment of court costs.

9 Mass. App. Ct. 372    375

South Middlesex Regional Vocational Tech. Sch. Dist. Comm. v. Superior Court.

Before the cases were continued without a finding, Furbush, on May 31, 1977, told the superintendent-director of the school district that he planned to plead guilty to the pending charges. The superintendent-director interrogated certain faculty members and Bartolini, who filed a written statement of the material events.

The judge ruled that the actions of Bartolini "did not involve the school nor was he under any duty or school regulation to report the matter to school authorities."

The judge found that all the procedural safeguards of § 42 were given to Bartolini, namely, timely notice of the vote, the furnishing of written charges, the granting of a hearing at which he had the right to counsel, and the rights to present evidence and call witnesses. The hearing was conducted on October 11, 1977. Bartolini was notified of the plaintiff's action in dismissing him on October 12, 1977.

There are two issues presented in this case: (1) the nature of the judicial review of the school district committee's action in dismissing Bartolini which is required by G. L. c. 71, § 43A; and (2) whether, on the facts found by the judge, the dismissal was justified.

1. General Laws c. 71, § 43A, appeared under two somewhat different forms during the period of time which is crucial in this case. When the underlying factual framework of this case was constructed in 1977, § 43A read in material part as follows: "The court shall advance the appeal for a speedy hearing and after such notice to the parties as it deems reasonable, it shall hear witnesses, review such action, and determine whether or not upon all the evidence such action was justifiable. If the court finds such action was justifiable, the action of the school committee shall be affirmed; otherwise, it shall be reversed and the appellant shall be reinstated to the position without loss of compensation. The decision of the court shall be final, except as to matters of law." See St. 1975, c. 337 (1975 amendment).

When the trial of this action was begun in the Superior Court on March 27, 1978, the operative language of § 43A had been changed by St. 1977, c. 671, by striking the first

sentence quoted above and replacing it with the following: "The court shall advance the appeal for a speedy hearing and, after such notice to the parties as it deems reasonable, it shall hear the cause de novo, review such action, and determine whether or not upon all the evidence such action was justifiable" (1977 amendment).

The plaintiff argues for the application of the 1975 amendment and the consequently limited measure of judicial review. The argument is founded on the unsound predicate that the statutory change affected substance and not merely form. This argument simply does not wash. It is correct only to the extent that it recognizes the canon of statutory construction that ". . . statutes which are remedial or procedural should be deemed to apply retroactively to those pending cases which, on the effective date of the statute, have not yet gone beyond the procedural stage to which the statute pertains." *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 628 (1974). It would be difficult to contrive a subject more procedural than the boundaries of judicial review of actions of administrative bodies. Accordingly, the 1977 amendment is applicable. (Of passing interest is the fact that the plaintiff did not object when the judge announced that the proceeding would follow the 1977 amendment.)

2. The 1977 amendment obliges the judge to "hear the cause de novo, review such action, and determine whether or not upon all the evidence such action was justifiable." As applied to the instant case, the judge was required to conduct a hearing anew in order to determine whether the action of the plaintiff was justifiable. This is manifestly a broader review than is mandated by G. L. c. 30A, § 14, and like judicial review statutes. Under § 43A, the judge has no agency findings before him because no findings are required. The evidence before the committee was not considered by the judge because it was not offered. Cf. *MacKenzie* v. *School Comm. of Ipswich*, 342 Mass. 612, 614-616 (1961).

The judge's careful findings of fact are not clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). The plaintiff charged Bartolini in its specifications with using

". . . a student during school hours and upon school property for private gain as a result of which the student was required to perform an illegal act . . . ." However, the conduct of which the committee complains took place almost exclusively after school hours and not on school property. The student was not required to perform any illegal act. In short, the proof does not support the charges. The action of the plaintiff in dismissing Bartolini was not justified.

In a word, § 43A provides that the decision of the court shall be final, except as to matters of law. The single justice ruled that there was no substantial error of law apparent on the record. We find no error of law. We order the appeal dismissed because the single justice did not enter a final judgment.

*So ordered.*