CRANBERRY REALTY & MORTGAGE COMPANY, INC. *vs.*
ACKERLEY COMMUNICATIONS, INC.[1]

Plymouth. October 26, 1983. — December 20, 1983.

Present: HALE, C.J., CUTTER, GREANEY, SMITH, & WARNER, JJ.

*Summary Process*, Appeal. *Practice, Civil*, Summary process. *Jurisdiction*, Summary process. *Statute*, Construction, Retroactive statute.

The Legislature's amendment of G. L. c. 231, § 103, by St. 1982, c. 304, § 1, restoring the exclusion of summary process actions from the waiver and removal provisions of G. L. c. 231, §§ 103 and 104, did not require the conclusion that deletion of the same exclusionary clause by St. 1975, c. 377, § 103, had been unintentional. [257-258]

A plaintiff who had commenced a summary process action in a District Court seeking possession and rent in the amount of $14,850 was, nevertheless, entitled to a trial de novo on appeal to the Superior Court, where judgment dismissing the appeal for lack of jurisdiction had been entered after the effective date of St. 1982, c. 304, § 1, excluding summary process actions from the waiver and removal provisions of G. L. c. 231, §§ 103 and 104. [258-261]

CIVIL ACTION commenced in the Fourth Plymouth Division of the District Court Department on February 23, 1981.

On appeal to the Superior Court, the case was ordered dismissed by *Carey, J.*

*Robert W. MacDonald* for the plaintiff.

*Alan M. Spiro* for the defendant.

WARNER, J. In *Shea* v. *Neponset River Marine & Sportfishing, Inc.*, 14 Mass. App. Ct. 121 (1982) (hereafter *Shea*),

---

[1] This case was initially heard by a panel comprised of Justices Cutter, Greaney and Warner, and was thereafter submitted on the record and briefs to Chief Justice Hale and Justice Smith (who, with Justice Greaney, comprised the panel in *Shea* v. *Neponset River Marine & Sportfishing, Inc.*, 14 Mass App. Ct. 121 [1982]), all of whom took part in the decision of this case in accordance with Mass.R.A.P. 24(a), 365 Mass. 872 (1974).

we held that the deletion of the exclusionary sentence in G. L. c. 231, § 103, as amended through St. 1931, c. 426, § 112 ("This and the seven following sections shall not apply to actions under chapter two hundred and thirty nine"), by St. 1975, c. 377, § 103, "manifested an intent by the Legislature that the provisions of G. L. c. 231, §§ 97, 103 et seq., were to apply to summary process cases just as they apply to all civil actions." *Id.* at 125.

In this case the plaintiff, on February 23, 1981, brought a summary process action in a District Court, pursuant to G. L. c. 239, in which it sought possession and rent in the amount of $14,850, and the defendant filed an answer. If the holding in *Shea* governs, the plaintiff thus waived its right to an appeal to the Superior Court for a trial de novo. G. L. c. 231, § 103. Likewise, the defendant, not having removed to the Superior Court a case in which the amount claimed was $7,500 or more, lost is right to appeal for a trial de novo. G. L. c. 231, § 104. See G. L. c. 231, § 97. Judgment entered in the District Court for the plaintiff for possession and rent in the amount of $6,825. Both parties filed appeals in the Superior Court in April of 1981. Citing *Shea* as controlling, a Superior Court judge, on October 8, 1982, ruled that the Superior Court lacked jurisdiction to hear the appeals (see *Shea* at 129), and a judgment of dismissal was entered on October 12, 1982.

Approved on July 9, 1982, four days before our decision in *Shea*, St. 1982, c. 304, § 1, effective August 8, 1982 (see art. 48 of the Amendments to the Massachusetts Constitution, The Referendum, III, § 2; G. L. c. 4, § 1), restored the exclusionary sentence in G. L. c. 231, § 103. ("This section and sections one hundred and four to one hundred and ten, inclusive, shall not apply to actions or counterclaims under the provisions of chapter two hundred and thirty-nine.") Rights of appeal to the Superior Court in summary process actions begun in the District Court were thus, once again, governed by G. L. c. 231, § 97. See *Shea* at 124-126. Under that statute, since the waiver and removal provisions of G. L. c. 231, §§ 103 and 104, do not apply, any party may appeal to the Superior Court for a trial de novo.

On this appeal by the plaintiff from the Superior Court judgment of dismissal, both parties argue that the restoration of the exclusionary clause by St. 1982, c. 304, § 1 (hereafter the 1982 amendment) clearly indicates that its deletion by St. 1975, c. 377, § 103 (hereafter the 1975 amendment), was unintentional. We are asked to overrule *Shea*; we decline to do so.[2]

1. The argument that the omission of the exclusionary clause in the 1975 amendment was unintentional was not made in *Shea*. There we concluded that the omission manifested a legislative intent that the provisions of G. L. c. 231, §§ 103 et seq., were to apply to summary process cases just as they apply to all civil actions. We are now asked to take a second look in view of the 1982 amendment, to reach back and supply an omission in the 1975 amendment which was allegedly inadvertent. "The views of a subsequent Legislature form a hazardous basis for inferring the intent of an earlier one" (citations omitted). *Massachusetts Commn. Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 194 (1976). Compare *Graci* v. *Damon*, 6 Mass. App. Ct. 160, 170 (1978); *Weston* v. *Maguire*, 10 Mass. App. Ct. 540, 542 (1980). Moreover, what has been said with respect to a first look at an omission in a statute is equally applicable to a second look, and is dispositive: "[I]f the omission was intentional, no court can supply it. If the omission was due to inadvertence, an attempt to supply it . . . would be tantamount to adding to a statute a meaning not intended by the Legislature." *Cole* v. *Brookline Housing Authy.*, 4 Mass. App. Ct. 705, 708 (1976), quoting from *Boylston Water Dist.* v. *Tahanto Regional Sch. Dist.*, 353 Mass. 81, 84 (1967). It was for the Legislature to insert any

---

[2] We are aware of some concern resulting from our holding in *Shea*. See Connors & Perlin, Summary Process Case May Have Serious Consequences, 10 Mass. Law. Weekly 1315, 1348 (1982). In their briefs the parties point out alleged pitfalls encountered by parties in summary process cases who assumed the long standing procedure remained the same after the 1975 amendment, and before *Shea*. The most serious issues affecting those cases do not arise on this appeal, and they are, possibly, for another day.

matter inadvertently omitted in the 1975 amendment. There is nothing in the 1982 amendment which manifests an intent to do so.

2. Adherence to the holding in *Shea*, however, does not end the matter. The question remains whether the 1982 amendment applies to this case, so that the Superior Court has jurisdiction to hear the plaintiff's appeal. That issue is resolved by the application of familiar rules of statutory construction. "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all litigation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 626 (1974), quoting from *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914).[3]

---

[3] See for examples of cases where statutes have been found to be remedial and have been applied retroactively: *Bemis* v. *Clark*, 11 Pick. 452 (1831) (adding remedy of abatement in nuisance cases); *Mulvey* v. *Boston*, 197 Mass. 178, 180-181 (1908) (statute of limitations); *Smith* v. *Freedman*, 268 Mass. 38, 40-42 (1929) (statute dealing with burden of proof in tort actions); *Welch* v. *Mayor of Taunton*, 343 Mass. 485, 488 (1962) (statute providing for removal of certain public officials for wrongdoing in office); *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 684 (1970) (the long-arm statute, G. L. c. 223A); *Massachusetts Bd. of Regional Community Colleges* v. *Labor Relations Commn.*, 377 Mass. 847, 850 (1979) (statute permitting Labor Relations Commission to order employee reinstatement with back pay); *Zildjian* v. *Zildjian*, 8 Mass. App. Ct. 1, 8-12 (1979) (statute eliminating defense of recrimination in divorce actions). Compare for examples of cases where statutes have been found to affect substantive rights and have been applied prospectively: *Paraboschi* v. *Shaw*, 258 Mass. 531, 533-534 (1927) (statute making the

The doctrine of retroactive application of procedural or remedial statutes is not, however, without limitations. "At the extreme no 'retroactive' procedural statute could apply to a case which has been closed, i.e., has gone to judgment and either been affirmed on appeal or not been appealed within the time allowed for appeal." *Id.* at 627.[4] Further, retroactive effect should be given only "to those pending cases which, on the effective date of the statute, have not yet gone beyond the procedural stage to which the statute pertains." *Id.* at 628. This latter consideration, the Supreme Judicial Court has said, provides a more workable rule than the substantive-procedural analysis. "The rule we adopted [in *City Council of Waltham* v. *Vinciullo*, *supra*] has us look to the stage of the proceedings affected by the change and determine whether that stage has been completed on the effective date of the amendment. If the point in the proceedings to which the statutory change is applicable has already passed, the proceedings are not subject to that change. If, on the other hand, that point has not yet been reached, the new provisions apply. This rule gives the broadest application to legislatively mandated changes without subjecting each completed step in the litigation to the uncertainty of possible future legislative change." *Porter* v. *Clerk of the Superior Court*, 368 Mass. 116, 118 (1975). See *Smith* v. *Freedman*, 268 Mass. 38, 41-42 (1929); *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 88-89 (1979).[5]

---

Registrar of Motor Vehicles agent for service of proccess on nonresident drivers); *Cudlassi* v. *MacFarland*, 304 Mass. 612, 613 (1939) (statute changing recovery from double damages to damages); *Hay* v. *Cloutier*, 389 Mass. 248, 252-254 (1983) (statute establishing new substantive right of the parties to a division of property in a divorce proceeding); *Smith* v. *Caggiano*, 12 Mass. App. Ct. 41, 43 (1981) (statute changing certain elements of a G. L. c. 93A action).

[4] Thus, in this case the doctrine is not applicable to the appeal of the defendant to the Superior Court, since the defendant did not appeal from the judgment of dismissal. This result has no practical effect, since the defendant did not counterclaim.

[5] Despite the statement of the broad "workable rule" in *Porter*, the substantive-procedural analysis appears to have considerable vitality. See, e.g., *Massachusetts Bd. of Regional Community Colleges* v. *Labor Rela-*

It is beyond question that the 1982 amendment related to procedures and remedies available to parties in summary process actions. It became effective on August 8, 1982, and, thus, the Superior Court had subject matter jurisdiction (see *Shea* at 129) on the dates of the order and judgment of dismissal for lack of jurisdiction, October 8 and 12, 1982. Close to the issue presented in this case are our decisions in *Goes* v. *Feldman, supra* at 84, and *South Middlesex Regional Vocational Technical Sch. Dist. Comm.* v. *Superior Court,* 9 Mass. App. Ct. 372 (1980). In *Goes* we held that a statute conferring jurisdiction on the Housing Court to consider certain G. L. c. 93A claims should be retroactively applied, so as to confer jurisdiction of a case which was heard and decided prior to the effective date of the statute. In *South Middlesex* we held that a statute changing to de novo the scope of review of a school committee decision to dismiss a teacher should be retroactively applied. In the instant case we think the procedural stage to which the 1982 amendment pertains is the trial de novo in the Superior Court. The plaintiff's appeal to the Superior Court had not reached that stage on the effective date of the 1982 amendment. As in *Goes,* we think, in the circumstances of this case, "it seems dogmatic and formalistic to insist that where jurisdiction is absent at the inception of litigation [here the claim of appeal to the Superior Court], it cannot subsequently be conferred because the litigation was a nullity ab initio. We are not prepared thus 'to sacrifice good sense to a syllogism.' Holmes, The Common Law 36 (1881)." 8 Mass. App. Ct. at 90-91. Compare *Custody of a Minor (No. 2),* 386 Mass. 460, 464-465 (1982), where the court refused to give retroactive effect to a statute which had taken away the right of trial de novo in care and protection actions, in a case in which (1) jurisdiction had properly attached on a timely claim of appeal under a prior statute

---

*tions Commn.,* 377 Mass. 847, 850 (1979); *Hay* v. *Cloutier,* 389 Mass. 248, 252-254 (1983); *Kennedy* v. *Kennedy,* 10 Mass. App. Ct. 113, 115-116 (1980); *Smith* v. *Caggiano,* 12 Mass. App. Ct. 41, 43 (1981).

granting the right; and (2) Rule 1(A) of the Interim Supplemental Rules of Appellate Procedure in Care and Protection Proceedings (1982) provided that, if there had been a timely claim of appeal, the right to a trial de novo was preserved.

In summary, we conclude that St. 1982, c. 304, § 1, applies to the plaintiff's claim of appeal from the summary process judgment of the District Court to the Superior Court; and that, therefore, the plaintiff has the right to a trial de novo in the Superior Court. The judgment of dismissal of the plaintiff's appeal to the Superior Court is reversed, and the case is remanded to that court for proceedings consistent with this opinion.

*So ordered.*