JOAN A. WETHERELL *vs.* BOSTON MUTUAL LIFE INSURANCE COMPANY & another.[1]

Berkshire.    April 24, 1984. — October 4, 1984.

Present: GREANEY, C.J., ARMSTRONG, & SMITH, JJ.

*Jurisdiction,* Proceeding against Commonwealth. *Practice, Civil,* Trial by jury, Proceeding against Commonwealth, Directed verdict, Instructions to jury, Judgment. *Massachusetts Tort Claims Act. Statute,* Retroactive statute.

The amendment of G. L. c. 258, § 2, by St. 1978, c. 512, § 15, expressly providing that all civil actions against the Commonwealth may be brought either in Suffolk County or in the county wherein the claimant resides, had retrospective effect to give the Superior Court in Berkshire County jurisdiction over an action seeking $8,000 from the Commonwealth commenced in Berkshire County nine days before the amendment took effect, at a time when G. L. c. 258, § 2, still required that if the amount claimed exceeded $2,000 in an action against the Commonwealth the complaint had to be filed in Suffolk County. [615-618]

General Laws c. 258, § 2, as amended by St. 1978, c. 512, § 15, permitting a jury trial in an action against the Commonwealth, had retrospective effect to allow a jury trial in a civil action against the Commonwealth which was commenced before the effective date of the amendment, when c. 258, § 2, did not permit a jury trial in such a case, but which was tried more than four and one-half years after the amendment. [618]

Where the only ground specified by a defendant in its motion for a directed verdict was the court's lack of jurisdiction to hear the case, the defendant on appeal was precluded from arguing that the motion should have been granted because the plaintiff had failed to produce sufficient evidence to support a finding against the defendant. [619]

In an action by the widow of a former Commonwealth employee against the Commonwealth and an insurance company, there was no merit to the insurance company's contention that the plaintiff had not shown the existence of a contractual relationship between the employee and the company. [619]

In an action pursuant to G. L. c. 258 against the Commonwealth and an insurance company, an objection made by the defendants to the judge's instruction to the jury on the waiver of premium provision contained in certain insurance policies was inadequate to save their appellate rights; moreover, there was no error in the instruction. [619-620]

[1] Group Insurance Commission.

In view of a prayer for general relief in the plaintiff's complaint in an action under G. L. c. 258, and the fact that, although the plaintiff's amended complaint contained a count for declaratory relief, no declaratory relief was granted, there was no merit in contentions by the defendant that the plaintiff lacked standing to maintain a request for declaratory relief, and that, if the plaintiff had standing, the judge erred in entering a judgment for damages where the complaint sought declaratory relief. [620]

CIVIL ACTION commenced in the Superior Court Department on July 11, 1978.

The case was tried before *Simons, J.*

*Elaine K. M. Denniston,* Assistant Attorney General, for the defendants.

*David C. Katz* for the plaintiff.

SMITH, J. The plaintiff, the widow of one Eugene L. Wetherell (Eugene), a Commonwealth employee, brought this action in the Superior Court in Berkshire County against the Commonwealth of Massachusetts, acting through its Group Insurance Commission (GIC), and the Boston Mutual Life Insurance Company (Boston Mutual). She alleged that Boston Mutual had failed to pay the amounts that she claims are due her on life insurance policies written by that company and administered on behalf of the Commonwealth by GIC. The defendants claim that no money is owed because Eugene's insurance policies expired about three and one-half months prior to his death. A trial was held in Berkshire County, and the jury returned a verdict in favor of the plaintiff against both defendants. They have raised several issues on appeal. We find no error and affirm the judgment.

1. *Lack of jurisdiction of the Superior Court in Berkshire County.* The complaint was filed by the plaintiff on July 11, 1978, in the Superior Court in Berkshire County. In her complaint the plaintiff sought to recover $8,000 from either Boston Mutual or the Commonwealth. At the time of the filing of the complaint, the relevant statute, G. L. c. 258, § 2, as in effect prior to St. 1978, c. 512, § 15, required that if the amount claimed exceeded $2,000 in actions against the

Commonwealth, the complaint had to be brought in Suffolk County. If an action was brought in a county other than Suffolk, the action had to be dismissed. *Putnam Furniture Bldg., Inc.* v. *Commonwealth,* 323 Mass. 179, 185-186 (1948). GIC filed a motion to dismiss the complaint, contending that the Superior Court in Berkshire County lacked jurisdiction in Berkshire County because of the statutory requirement. It appeals from the denial of that motion. There was no error.

In 1978, the Legislature enacted a new G. L. c. 258 (the Act). St. 1978, c. 512, § 15. The Act expressly provides that all civil actions against the Commonwealth may be brought in Suffolk County or in the county wherein the claimant resides. That provision, however, became effective on July 20, 1978, some nine days after the filing of this action.[2] Thus, we must consider if St. 1978, c. 512, § 15, has retrospective effect enabling the plaintiff to maintain her action in Berkshire County.

Generally, statutes are prospective in their operation unless a contrary intent is manifested by the Legislature. *Hanscom* v. *Malden & Melrose Gas Light Co.,* 220 Mass. 1, 3 (1914). *Goes* v. *Feldman,* 8 Mass. App. Ct. 84, 87 (1979). However, remedial legislation that is concerned with practice, procedure and evidence but which does not affect substantive rights is treated as operating retroactively and is applied to pending actions or causes of action.[3] *City Council of Waltham* v. *Vin-*

---

[2] In addition, the Act stated that it applied to "all causes of action arising on or after August 16, 1977." St. 1978, c. 512, § 16. That limitation does not foreclose this plaintiff's cause of action which arose in 1976. The Act "simply removed the defense of [sovereign] immunity in certain tort actions against the Commonwealth, municipalities and other governmental subdivisions." *Dinsky* v. *Framingham,* 386 Mass. 801, 804 (1982). The plaintiff here brought an action in contract. Prior to August 16, 1977, a party had the right to bring an action in contract against the Commonwealth. *Monadnock Display Fireworks, Inc.* v. *Andover,* 388 Mass. 153, 156 (1983). Thus, the limitation applies only to those causes of actions against the Commonwealth or governmental subdivisions that sound in tort.

[3] Merely stating that a statute is remedial does not automatically insure its retroactivity in a given case. For a discussion of the limitations as to retroactivity of remedial legislation, see *Porter* v. *Clerk of the Superior Court,* 368 Mass. 116, 118 (1975). Also see *Goes* v. *Feldman,* 8 Mass.

*ciullo,* 364 Mass. 624, 626 (1974). *Goes* v. *Feldman, supra* at 88. *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.,* 17 Mass. App. Ct. 255, 258 (1983). No new substantive rights were conferred on the plaintiff in the instant case by the enactment of St. 1978, c. 512, § 15. Prior to 1978, a party had the right to bring a contract claim against the Commonwealth. *First Natl. Ins. Co. of America* v. *Commonwealth,* 376 Mass. 248, 250-251 (1978). *Massachusetts Elec. Co.* v. *Athol One, Inc.,* 391 Mass. 685, 687 (1984). *Monadnock Display Fireworks, Inc.* v. *Andover,* 388 Mass. 153, 156 (1983). The revision of G. L. c. 258 in 1978, to permit the bringing of tort claims against the Commonwealth, did not, in any respect, affect or change those substantive rights already available to parties filing contract actions against the Commonwealth.[4]

The change in G. L. c. 258 in 1978 whereby a person with a claim against the Commonwealth was given the option of bringing his action either in Suffolk County or in the county where he resides relates to practice and procedure. It is a change involving jurisdiction.[5] *Alpert* v. *Commonwealth,* 357 Mass. 306, 318 (1970). Our decision in *Goes* v. *Feldman, supra* at 88, 89, governs the issue presented here. In *Goes* we

App. Ct. 84, 88-89 (1979); *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.,* 17 Mass. App. Ct. 255, 258 (1983).

[4] By St. 1979, c. 1, § 2 (effective July 20, 1978), the Legislature amended § 18 of c. 512 of St. 1978 by adding the following sentence: "Nothing contained in this chapter shall be construed as limiting or restricting any liability with respect to claims not arising in tort to which the commonwealth may have been subject prior to the effective date of this chapter or to which the commonwealth would thereafter have been subject if this chapter had not been adopted."

[5] The plaintiff argues that the issue is not jurisdiction but rather concerns venue. In *Alpert* v. *Commonwealth,* 357 Mass. 306, 318 (1970), the court stated, "The defect in the *Putnam* case related to the jurisdiction of the court." The reference in *Alpert* was to *Putnam Furniture Bldg., Inc.* v. *Commonwealth,* 323 Mass. 179 (1948). In *Putnam,* the petitioner initially brought a petition against the Commonwealth in the Superior Court in Middlesex County. The claim involved an amount in excess of $2,000 and therefore, under G. L. c. 258, § 2, as then in effect, the petition should have been brought in Suffolk County. It was that defect that the court in *Alpert* stated related to the jurisdiction of the court. However, even if the change in the statute involved venue, it would not alter our result.

held that a statute conferring jurisdiction on the Housing Court of Hampden County to consider certain claims under G. L. c. 93A should be applied retroactively so as to confer jurisdiction where a case was heard and decided prior to the effective date of the statute. Here, the plaintiff filed the action in Berkshire County nine days before the statutory change became effective and four and one-half years before the trial was held. As in *Goes,* we think, in the circumstances of this case, "it seems dogmatic and formalistic to insist that where jurisdiction is absent at the inception of litigation, it cannot subsequently be conferred because the litigation was a nullity ab initio. We are not prepared thus 'to sacrifice good sense to a syllogism'. Holmes, The Common Law 36 (1881)". 8 Mass. App. Ct. at 90-91. Therefore, we hold that the Superior Court in Berkshire County had jurisdiction to decide the case, and there was no error in the denial of GIC's motion to dismiss.

2. *Right to jury trial.* GIC contends that the judge erred in allowing a jury trial. At the time that the complaint was filed, G. L. c. 258 did not permit jury trials in regard to claims against the Commonwealth. General Laws c. 258, § 2, as amended by St. 1978, c. 512, § 15, permits jury trials in actions against the Commonwealth. *Beurklian* v. *Allen,* 385 Mass. 1009 (1982). Our analysis in part 1 is pertinent to this issue. The allowance of jury trials did not confer any new substantive rights on the plaintiff here. The provision as to jury trials was remedial in nature. *Capp Homes* v. *Duarte,* 617 F.2d 900, 903 n.2 (1st Cir. 1980). Any limitation as to the retroactivity of procedural or remedial statutes is not applicable in this case. See *City Council of Waltham* v. *Vinciullo,* 364 Mass. at 626-627; *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.,* 17 Mass. App. Ct. at 259. The legislation permitting jury trials became effective four and one half years before a jury was empanelled in this case. Therefore, the case had not gone beyond the procedural stage to which the statute pertains when the legislation became effective. *Porter* v. *Clerk of the Superior Court,* 368 Mass. 116, 118 (1975). *Goes* v. *Feldman,* 8 Mass. App. Ct. at 88-89.

3. *Denial of motions for a directed verdict.* Both defendants appeal from the denial of their separate motions for a directed verdict. On appeal, GIC argues that the plaintiff did not produce sufficient evidence to support a finding against it. The sufficiency of the evidence was not specified as a ground for allowance of the motion at the trial.[6] It is well-settled that "[a] party who advances one theory as the basis for his motion for a directed verdict in the trial court cannot as of right challenge the denial of that motion on a different theory on appeal." *Uloth* v. *City Tank Corp.,* 376 Mass. 874, 883 (1978). Smith & Zobel, Rules Practice § 50.09, at 206 (1977). Experienced counsel had ample time at trial to specify those grounds claimed to warrant allowance of the motion. We do not perceive any reason for considering the ground now put forward by GIC.

Boston Mutual argues that the denial of its motion for a directed verdict was error because there was no showing that there was a contractual relationship between Eugene and itself.[7] The testimony and exhibits offered by the plaintiff show that a reasonable inference that there was a contractual relationship between Eugene and Boston Mutual could be drawn in favor of the plaintiff. *Raunela* v. *Hertz Corp.,* 361 Mass. 341, 343 (1972). *Power Service Supply, Inc.* v. *E.W. Wiggins Airways, Inc.,* 9 Mass. App. Ct. 122, 127 (1980).

4. *The judge's instruction on waiver of premium.* Both defendants contend that the judge's instruction on the waiver of premium provision contained in the insurance policies was erroneous because it implied that the premium could be waived without complying with certain conditions contained in the policies. Their objection was stated at the conclusion of the

---

[6] The only ground specified by GIC in its motion for a directed verdict was that the court lacked jurisdiction to hear the case. That contention has been addressed in part 1 of this opinion. In any event, a motion for a directed verdict is not the appropriate vehicle for raising a question of jurisdiction over the subject matter of an action.

[7] In its motion for a directed verdict filed in the trial court, Boston Mutual stated, as the only ground for its allowance, that there was no liability against it because there was no contract between the "[p]laintiff and Boston Mutual". It would appear from the record that the drafter of the motion meant to refer to Eugene and not his widow.

judge's instructions as follows: "I am objecting to the deceased became totally disabled and entitled to waiver". This objection was inadequate to save the defendants' appellate rights on the issue. *Huff* v. *Holyoke,* 386 Mass. 582, 583 n.2 (1982). In any event, the judge carefully and correctly instructed the jury as to the burden of the plaintiff.

5. *Procedural aspects as to declaratory relief.* The plaintiff's amended complaint contained a count for declaratory relief as to GIC. At trial, GIC raised two claims in regard to that prayer. They were (1) that the plaintiff lacked standing to maintain a request for declaratory judgment under G. L. c. 231A, and (2) that, if the plaintiff had standing, the judge erred in entering a judgment for damages where the complaint sought declaratory relief. The contentions are without merit.

No declaratory relief was given in this case; therefore there is no basis for GIC's argument. The judge was correct in awarding damages against GIC. Before trial GIC assumed all potential liabilities under the policies insuring Eugene. The document setting out the assumption of liability was admitted as an exhibit. The judge, therefore, knew that GIC would pay any judgment returned against Boston Mutual. In any event, the fact that the judgment entered was different from the relief sought does not make the judgment erroneous. *Commonwealth* v. *DeCotis,* 366 Mass. 234, 246 (1974). In addition, the complaint contained a prayer for general relief, which would support any relief consistent with the nature of the case. *Commonwealth* v. *DeCotis, supra.*

*Judgment affirmed.*