Brassard, J.
Defendant, Mario Perrone (Perrone) moves to vacate the default entered against him and, further, to dismiss plaintiff, Roberson Alceus’ (Alceus) complaint. As grounds for both motions, Perrone’s counsel asserts that the action is void ab initio because Perrone died on March 24, 1992, over two years before Alceus filed his suit.
DISCUSSION
This action arises out of a motor vehicle accident which occurred on September 24,1991. Alceus filed suit against Perrone on September 22, 1994, two days before the Statute of Limitations expired. G.L.c. 260, §2A. On January 25, 1995, after this court allowed an extension of time to make service, Alceus served Perrone by leaving the complaint at Perrone’s last and usual place of abode. A default was entered against Perrone on March 7, 1995 because he failed to respond to Alceus’ complaint. Per-rone, however, had died on March 24, 1992.
Defendant’s assertion that Alceus’ suit is void ab initio because Perrone died prior to Alceus’ commencing suit is without merit. Alceus’ cause of action falls squarely within the parameters of G.L.c. 197, §9A. Section 9A states:
Notwithstanding the provisions of section nine, an action for personal injuries or death, if commenced more than one year after the date of death of the deceased, may be brought against said executor or administrator, provided that such action is commenced within three years next after the cause of action accrues, and provided further that any judgment recovered in any action so brought may be satisfied only from the proceeds of a policy of insurance or bond, if any, and not from the general assets of the estate.
If an executor or administrator has not been appointed, then an action allowed under this section may be maintained without such appointment, and shall be maintained naming the decedent as the defendant. In such event any service of process that may be necessary shall be made upon the entity providing the insurance or bond.
The Legislature amended General Laws, c. 197, §9A in 1993 by adding the second paragraph. St. 1993, c. 319. This amendment took effect on March 21, 1994. The amendment to §9A also operates retroactively since the amendment relates to practice and procedure rather than to substantive rights. See Wetherell v. Boston Mutual Life Ins. Co., 18 Mass.App.Ct. 614, 616 (1984). Alceus’ cause of action which was commenced on September 22, 1994 clearly comes within the purview of the amendment.
As no executor or administrator has been appointed to administer Perrone’s estate, Alceus properly commenced his action by naming Perrone, although deceased, as defendant. G.L.c. 197, §9A. Furthermore, Alceus duly filed his suit within three years after his cause of action accrued on September 24, 1991. Al-ceus, however, failed to serve his complaint upon Perrone’s insurer, Aetna Insurance, as required by *73 §9A. Alceus erroneously served the complaint upon Perrone at his last and usual place of residence. Consequently, a default was entered because Aetna did not respond to the complaint, having never been served with it. Because Alceus is not without fault for defendant’s failure to respond to the complaint, the default against defendant shall be vacated so as to allow defendant an opportunity to defend against this action.
ORDER
For the above reasons, the Court hereby ORDERS that defendant’s motion so vacate default is ALLOWED and defendant’s motion to dismiss plaintiffs complaint is DENIED.