Brassard, J.
This action arises out of an automobile accident which occurred on May 13, 1992 and involved plaintiff, Geoffrey Shanklin (“Shanklin’j and Stephen London. Shanklin filed the instant action in Superior Court on January 3, 1995, against defendants Stephen London, Jeffrey London, and Middlesex Insurance Company (“defendants”) for physical and emotional injuries which he alleges resulted from this automobile accident. Defendants now move to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the defendants’ motion to dismiss is DENIED.
BACKGROUND
On May 13, 1992, Shanklin was involved in an automobile accident with defendant Stephen London. On April 19, 1994, Shanklin filed an action in Malden District Court, Small Class Division, against Stephen London, the driver of the automobile, Jeffrey London, the owner of the automobile, and Middlesex Insurance Company, Jeffrey London’s automobile insurance company.
In that case, Shanklin requested compensation from the defendants for property damage to his vehicle resulting from the automobile accident. After a hearing on August 2, 1994, judgment was entered in favor of the defendants.
On January 3, 1995, the instant action was filed in Superior Court against defendants for physical and emotional injuries which Shanklin alleges he incurred as a result of the automobile accident. Defendants now move to dismiss the complaint, asserting that the entry of judgment on August 2, 1994 against Shanklin bars him from now bringing an action for personal injury. Shanklin argues in response that G.L.c. 218, §23, as amended on January 13, 1995, allows him to bring the instant action in this court because a judgment in an action for property damage caused by a motor vehicle no longer precludes a plaintiff from bringing another action arising from the same incident. Shanklin further argues that public policy requires this amendment be applied retroactively, and therefore the amendment governs the present case. Defendants respond that this statute may have such an effect on cases filed after April 13, 1995, the date it became effective, but it does not apply retroactively.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, and accept them as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
Under G.L.c. 218, §23, as amended by St. 1994, c. 344, “a judgment in an action for property damage caused by a motor vehicle commenced under the procedure shall not have a res judicata, collateral estoppel or other preclusive effect on any other action arising out of the same cause of action.” G.L.c. 218, §23. This statute was approved on January 13, 1995, and became effective on April 13, 1995.
The general rule governing interpretation of statutes is that “all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context, or objects when considered in light of the subject matter, the pre-existing state of the law, and the effect upon existing] rights, remedies, and obligations.” Fontaine v. Ebtec Corp., 415 Mass. 309, 318 (1993); Lawton v. Commonwealth Gas Co., 400 Mass. 209, 212 (1987); City Council of Waltham v. Vinciullo, 364 Mass. 624, 626 (1974); Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1,3(1914). “It is only statutes regulating practice, procedure, and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.” Id.
To determine whether a case is a “pending action,” a court must “look to the stage of the proceedings affected by the change and determine whether that stage has been completed on the effective date of the amendment.” Cranberry Realty & Mortgage Co. v. Ackerley Communications, Inc., 17 Mass.App.Ct. 255, 259 (1983). “If the point in the proceedings to which *150 the statutory change is applicable has already passed, the proceedings are not subject to that change. If, on the other hand, that point has not yet been reached, the new provisions apply. This rule gives the broadest application to legislatively mandated changes without subjecting each completed step in the litigation to the uncertainty of possible future legislative change.” Cranberry, supra, at 259, quoting Porter v. Clerk of the Superior Court, 368 Mass. 116, 118 (1975).
In City Council of Waltham, the Supreme Judicial Court determined that, in considering whether or not an action was truly “pending,” “at the extreme, no ‘retroactive’ procedural statute could apply to a case which has been closed, i.e., has gone to judgment and either been affirmed on appeal or not been appealed within the time allowed for appeal.” City Council of Waltham, supra, at 627. In Cranberry Realty & Mortgage Co., the Appeals Court applied this reasoning to allow retrospective application of a statute to an action which had been dismissed on appeal to the Superior Court from a lower court, but had not yet been dismissed by the Appeals Court. In Cranberry, the Appeals Courtheld that the procedural stage at which they found the case, and to which the statute applied, was the Appeals Court’s decision on whether or not the Superior Court had jurisdiction to hear the case. Even though the Superior Court did not have subject matter jurisdiction over both parties’ appeals during the month they were filed, by the time the Superior Court issued an order and judgment of dismissal for lack of jurisdiction (about one year and six months later), an amendment granting such jurisdiction had taken effect. The Appeals Court therefore found that the Superior Court had erred in dismissing the case for lack of subject matter jurisdiction, reasoning that “it seems dogmatic and formalistic to insist that where jurisdiction is absent at the inception of litigation ... it cannot subsequently be conferred because the litigation was a nullity ab initio [void from the beginning]. We are not prepared to sacrifice good sense to a syllogism." Cranberry, supra, at 260.
It is not disputed by the parties that the amendment to G.L.c. 218, §23 allows a plaintiff in an automobile accident to split his property and damage claims. Rather, the parties dispute whether the amendment applies to this case. The defendants assert that the amendment to c. 218, §23 does not apply retroactively. This court finds, however, that the amendment concerns procedural rather than substantive rights, and therefore operates retroactively and applies “to any pending actions or causes of action.” The remaining issue which the court must decide is whether or not this case is a “pending action” or “cause of action” to which the amendment to c. 218, §23 can be retroactively applied.
The defendants argue that because Shanklin filed a claim before April 13, 1995, the effective date of the amendment, he should be barred from splitting his claims. Although Shanklin did file this action in Superior Court on January 3, 1995, the procedural stage at which this court now finds this case, and to which this court must determine whether or not the amendment to c. 218, §23 applies, is the court’s decision on the defendants’ motion to dismiss for failure to state a claim. Although Shanklin may have been barred from bringing a second claim when he filed this action in January, the court is only now determining whether or not Shanklin is permitted to bring forth that second claim. By analogy to the Supreme Judicial Court’s reasoning in City Council of Waltham and the Appeals Court’s in Cranberry, this court finds that the amendment to c. 218, §23 applies to this procedural stage, and further, that this procedural stage has not yet been completed. The amendment to G.L.c. 218, §23 thus retroactively applies to the instant action and prevents this court from granting the defendants’ motion to dismiss.
ORDER
For the foregoing reasons, the defendants’ motion to dismiss is hereby DENIED.