Connors, Thomas A., J.
This is a medical malpractice action commenced June 17, 2011 by Timothy Larkin, individually and as guardian and next friend of Andrea M. Larkin, and in his capacity as father and next friend of Alexa Larkin (plaintiffs), against Jehane Johnston, M.D., and Dedham Medical Associates, Inc. (DMA or, together with Johnston, defendants). On May 7, 2015, after a trial, a jury returned a verdict for the plaintiffs and awarded damages in the sum of $35.4 million.
Currently before the Court is the defendants’joint motion to establish the interest rate calculation applicable to the May 2015 damages award.[1] The Court heard oral argument on the motion on August 11, 2015, and now rules as follows.
Ruling
The defendants’ arguments pertain to the 2012 legislative amendment to G.L.c. 231, §60K, the statute that sets out the rate for prejudgment interest in a non-wrongful death medical malpractice action. As originally enacted in 2004, and until amended in 2012, section 60K of chapter 231 provided:
In any action for malpractice, negligence, error, omission, mistake or unauthorized rendering of professional services, other than actions brought under section 2 of Chapter 229, against a provider of health care, in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, there shall be added by the clerk of the court to the amount of damages interest thereon, at a rate to be determined as set forth.below rather than the rate specified in section 613 of chapter 231, from the date of the commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law. For aft actions commenced after the effective date of this act, the rate of interest to be applied by the clerk shall be at a rate equal to the weekly average 1-year constant maturity Treasury yield plus 4 percent, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of judgment. At no point shall the rate of interest established by this section exceed the rate of interest set forth in said section 613 of chapter 231.
See St. 2004, c. 149, §207. In 2012, however, as part of “An Act Improving the Quality of Health Care and Reducing Costs Through Increased Transparency, Efficiency and Innovation,” the Legislature amended §60K “by striking out, in line 14, the figure ‘4’ and inserting in place thereof the following figure:-2.” St. 2012, c. 224, §220. That amendment became effective on November 4, 2012—after this action commenced, but before entry of judgment.
The parties disagree whether the percentage decrease in the statutory interest rate effected by the amendment applies to this action, and, if so, whether it applies during the entire pendency of the lawsuit or only to a portion thereof. Specifically, the defendants argue that the amendment has retroactive effect, such that the two percent figure applies to the entire prejudgment period. In the alternative, the defendants contend that the four percent figure applies until the date of amendment, and the two percent figure applies thereafter. In opposition, the plaintiffs argue that the two percent figure only applies prospectively to actions commenced on or after the statute’s date of amendment, and thus the four percent figure applies throughout the prejudgment period in this case. This dispute presents a question strictly of statutory interpretation.
Long-established principles govern that judicial endeavor. First, as a general matter, a court must interpret a statute “according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” Monell v. Boston Pads, LLC, 471 Mass. 566, 574 (2015), quoting from Hanlon v. Rollins, 286 Mass. 444, 447 (1934). Also, if reasonably practicable, the court should interpret the statute with reference to other statutes pertaining to the same subject matter “to the end that there may be a harmonious and consistent body of legislation.” See District Attorney for the N. Dist. v. School Comm. of Wayland, 455 Mass. 561, 569 (2009), quoting from Smith v. Director of Civil Serv., 324 Mass. 455, 458 (1949).
*87 Applying those rules here leads to the conclusion that the appropriate rate of interest is the rate in effect on each day—i.e., the particular Treasury yield plus four percent from the date the action was commenced to the date the statute was amended, and the yield plus two percent from the date of amendment to the date of judgment.
As an initial matter, the Court rejects the defendants’ preferred interpretation to construe the statute to have retroactive effect. As all the parties acknowledge, the “general rule is that a statute affecting the interest payable prior to judgment. . . shall not apply retroactively but shall instead apply prospectively from the effective date of that statute.” Smith v. Massachusetts Bay Transp. Auth., 462 Mass. 370, 380 (2012); see generally Fleet Nat'l Bank v. Commissioner of Revenue, 448 Mass. 441, 449 (2007), quoting Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1, 3 (1914) (“Itisonly statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action”). Though the presumption of prospective operation is rebuttable in circumstances where retroactive application was the “unequivocally clear” intent of the Legislature, see id., citing Boston Gas Co. v. Department of Pub. Utils., 387 Mass. 531, 542 (1982), such is not the case here. The defendants’ strained interpretation notwithstanding, nothing in the 2012 legislation manifests the sort of clear intent necessaiy for the Court to conclude that the amendment applies retroactively. See and compare, e.g., Fleet Nat’l Bank v. Commissioner of Revenue, supra at 450 (no “explicit pronouncement” that statutory amendment applied retroactively; amendment held to operate prospectively), with, e.g., Child Support Enforcement Div. of Alaska v. Brenckle, 424 Mass. 214, 219 (1997) (finding express intention to apply act retroactively in specific statutory language and given its procedural nature).
The defendants’ alterative argument, however, has force. That the amendment should apply forward from the date it became effective finds support in rules governing statutory construction.
It is well-recognized that the “main object to be accomplished,” Hanlon v. Rollins, supra, by the statutory award of interest is compensation of the injured party “for the delay in receiving that to which the recipient is forthwith entitled.” Murphy’s Case, 352 Mass. 233, 234-35 (1967). See Bernier v. Boston Edison Co., 380 Mass. 372, 388-89 (1980), and cases cited. To that end, such that a plaintiff is “placed in the same position in reference to the injury as if the damages directly resulting from the injury had been paid immediately,” H.D. Foss & Co. v. Whidden, 254 Mass. 146, 151 (1925), the Supreme Judicial Court consistently has held that interest should be calculated to “accrue! ] daily,” see Porter v. Clerk of the Superior Court, 368 Mass. 116, 118 (1975); Trinity Church in the City of Boston v. John Hancock Mut. Life Ins. Co., 405 Mass. 682, 684 (1989); see also Smith v. Massachusetts Bay Transp. Auth., 462 Mass. 370, 375-79 (2012), In other words, “the point in the proceedings to which the statutory interest rate applies is passed each day, and the rate applicable on each day is that in effect at the time.” Porter v. Clerk of the Superior Court, supra
In addition, construing G.L.c. 231, §60K, in this fashion yields a “consistent body of legislation," Smith v. Director of Civil Serv., supra in light of the interpretations given other statutes governing interest. See, e.g., Porter v. Clerk of the Supenor Court, supra (prejudgment interest under c. 231, §6B); Trinity Church in the City of Boston v. John Hancock Mut. Life Ins. Co., supra (postjudgment interest under c. 231, §8). The plaintiffs offer no persuasive reason to interpret this aspect of §60K differently than the substantively similar and analogous section 6B in the same chapter of the General Laws.[2] As relevant to the analysis, neither statute “applies] to any particular stage of the proceedings,” and the interest afforded under both serves “as compensation for delay.” See Porter v. Clerk of the Superior Court, supra.
Finally, while the parties cite no appellate level decisions directly on point, this precise issue has been addressed in at least one Superior Court ruling. In that decision which dealt with the same statute concerning interest computation, it was held that: “the appropriate [interest] rates to be applied are those which were in effect on each day since the commencement of this action . . .” Cristen Lebel et al. v. Kim Thornton, M.D., Middlesex Super.Ct., C.A. No. 2010-00804, Mem. of Decisions & Orders (December 11, 2004) (Henry, J.). Based upon that analysis, the four percent figure was applied up to the November 4, 2012 date of the statutory amendment and the two percent figure thereafter. The reasoning of the Lebel decision on this question is persuasive, and this Court’s ruling is in accord.
Order
For the foregoing reasons, it is hereby ORDERED that the rate of prejudgment interest in this case is the rate in effect on each day during that period. Accordingly, the interest rate shall be calculated by adding four percent (4%) to the Treasury yield specified in G.L.c. 231, §60K, from June 17, 2011, through November 3, 2012, and by adding two percent (2%) to the specified Treasury yield from November 4, 2012, until the date of judgment

 Johnston filed the motion, which DMA requested to join. In its request, DMA expressly adopted and incorporated by reference the arguments raised by Johnston.

 General Laws c. 231, §6B, provides: “In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve percent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.” This statute also provides the rate of prejudgment interest in wrongful death actions. See G.L.c. 229, §11.